IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS,                         Plaintiff,  v.  McCURTAIN COUNTY JAIL TRUST; BOARD OF COUNTY COMMISIONERS OF McCURTAIN COUNTY, OKLAHOMA; SCOTT McLAIN, individually and in his official capacity as McCurtain County Jail Administrator; KEVIN CLARDY, individually and in his official capacity as McCurtain County Sheriff; and RICHARD WILLIAMSON; ALICIA MANNING; BRANDON STANSBURY; JOE EBERT; and CODY JOHNSON; in their official and individual capacities,                         Defendants, | Case No. 22-cv-187-RAW-DES |

**OPINION AND ORDER**

This matter comes before the Court on Defendant McCurtain County Jail Trust's ("Defendant" or "MCJT") Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Rule 12(b)(2), (4) and (5) (Docket No. 59).

I.   **Background**

On June 27, 2022, Plaintiff Roper Harris filed his Complaint alleging violations of the United States Constitution, the Oklahoma Constitution, and Oklahoma law arising out of his arrest and incarceration at the McCurtain County Jail in September of 2021. (Docket No. 2). On November 11, 2022, Defendant MCJT filed a Motion to Dismiss arguing lack of personal jurisdiction due to insufficient process and insufficient service of process and for failure to state a claim upon which relief can be granted. (Docket No. 34). On December 5, 2022, Plaintiff filed his First Amended Complaint. (Docket No. 41). Defendant MCJT filed the present Motion to Dismiss

Plaintiff's First Amended Complaint arguing only lack of personal jurisdiction due to insufficient process and insufficient service of process.[1]

Defendant argues pursuant to Fed. R. Civ. P. 4(m), the Plaintiff had 90 days from June 27, 2022, or until September 25, 2022, to obtain service on the Defendant. (Docket No. 59 at 3). Plaintiff did not obtain service on Defendant until October 24, 2022. (Docket No. 21). Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time.". This rule also states that "if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Defendant argues that Plaintiff cannot show good cause for the delay; therefore, the complaint against MCJT should be dismissed. (Docket No. 59 at 3).

Within its argument, Defendant notes that Plaintiff may cite to *DatRec, LLC v. AllegianceMD Software, Inc.* 2022 WL 2758527, No. 21-CV-543-TCK-JFJ (N.D. Okla. July 14, 2022) (unpublished) to support the reason he should receive a retroactive extension of time for service "irrespective of whether or not Plaintiff can establish good cause for the short delay in service." (Docket No. 59 at 4). Defendant argues that the grounds underlying the decision to grant discretionary, retroactive extension of time were based on the *DatRec* Court finding that the plaintiff had made a "good faith- if not diligent- effort to timely effect service" and that "any delay in effecting service was not inordinate, prejudicial, or intentional." *DatRec,* 2022 WL 2758527, at *1-2. Defendant argues Plaintiff, in the present case, in no way made a good faith effort to serve the Defendants, evidenced by the fact that Plaintiff did not even request the Court Clerk to issue summonses to the Defendants until October 21, 2022, which was already nearly a month after the

---

[1] Defendant MCJT's original Motion to Dismiss (Docket No. 32) was deemed moot by the Court when the First Amended Complaint was filed (Docket No. 62).

90-day deadline to serve. (Docket No. 59 at4). Defendant argues that the Plaintiff's failure to not only serve the Complaint within the 90-day deadline but failure to even request summons before the 90-day service deadline is "clearly contrary to any suggestion of good cause." (Docket No. 59 at 3). Defendant also argues that while it has not been unduly prejudiced by Plaintiff's failure to timely serve, the "lack of such prejudice alone should not be sufficient to warrant the grant of discretionary, retroactive extension of time for service." *Id.* at 6. The Court has made a diligent effort to find authority to support Defendant's reasoning but found nothing.

In his response to MCJT's Motion to Dismiss, Plaintiff admits that he had until September 25, 2022 to serve MCJT and that he did not effectuate service on that date. However, Plaintiff states that dismissal would be improper and is not favored by the courts. (Docket No. 63 at 2). Plaintiff argues that permissive extension of time to serve is warranted as dismissing the case now that the Defendants have been served would do nothing to advance "the efficient litigation of cases that Rule 4(m) is intended to promote." *DatRec,* 2022 WL 2758527, at *1-2. Furthermore, Plaintiff argues that "it would be inefficiency of the highest magnitude to dismiss the case and require the parties and Court administrative staff to start anew on under a different caption." (Docket No. 63 at6) (citing *DatRec,* 2022 WL 2758527, at *1-2).

Plaintiff also reasons that the twenty-six (26) day[2] delay it took to serve the complaint "did not inordinately delay the litigation." (Docket No. 63 at 6). Furthermore, Plaintiff argues that even MCJT admits that it suffered no undue prejudice as a result of the delay in service. As such, Plaintiff asserts the Motion to Dismiss should be denied.

---

[2] By the Court's calculation, the actual day delay to serve Defendant MCJT was twenty-nine (29) days.

## II.     Analysis

Fed. R. Civ. P. 12(b)(5) allows for dismissal of an action without prejudice based on insufficient service of process. Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." A court applying these rules engages in a two-part analysis. First, the Court considers whether the plaintiff has shown good cause for his failure to timely serve the defendant. *Espinoza v. U.S.,* 52 F.3d 838, 841 (10th Cir. 1995). If good cause is shown for untimely service, an extension of time for service of process is mandatory. Fed. R. Civ. P. 4(m). If good cause is not show, then the court proceeds to the second step of the analysis and determines whether a permissive extension is warranted. *Espinoza,* 52 F.3d 838 at 841. The Court may then, within its discretion, dismiss without prejudice or extend the time for service. *Id*.

In this case, there is no dispute that Plaintiff did not serve MCJT within 90 days of filing the Complaint and Plaintiff did not seek an extension of time to serve. In fact, there is no evidence that Plaintiff took efforts to serve the Defendant until after the deadline had passed, because he did not request summons until October 21, 2022, twenty-six (26) days after the prescribed service date. Moreover, Plaintiff does not argue that he had good cause for his delay in properly serving MCJT. Accordingly, the Court finds no good cause sufficient to warrant a mandatory extension of Plaintiff's deadline to serve MCJT.

"[F]ailure to show good cause for a mandatory extension of time does not end the inquiry under Fed. R. Civ. P. 4(m)." *Id*. "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted." *Id.* "[A] plaintiff who

has failed to show 'good cause' for a mandatory extension of time my still be granted a permissible extension of time within the district court's discretion." *Id*. "In determining whether to grant a permissive extension, the pertinent considerations include [the plaintiff's] pro se status, the complexity of the service requirements for federal agencies, the danger of prejudice to the defendants and the possible expiration of the statute of limitations on the claims." *Shepard v. U.S. Dep't of Veterans Affs.*, 624 (10th Cir. 2020) (unpublished) (citing *Espinoza*).

Plaintiff is not proceeding pro se and no federal entity is a party to this lawsuit. Regarding the statute of limitations factor, the Court notes (without deciding) that a dismissal under Rule 4(m) may not necessarily bar the refiling of at least some of Plaintiff's claims. Oklahoma's savings statute may save certain claims because a Rule 4(m) dismissal represents a failure "otherwise than on the merits" within the meaning of Okla. Stat. tit. 12, § 100. *Young v. Rios,* No. CIV-15-641-R, 2018 WL 2079509, at *2 (W.D. Okla. May 4, 2018). Stated differently, Plaintiff may be able to refile certain claims within one year of any dismissal without prejudice under Rule 4(m) "although the time limit for commencing the action shall have expired before the new action is filed." Okla. Stat. tit. 12, § 100. Thus, three of the four *Espinoza* factors weigh against granting Plaintiff a permissive extension of time in this case.

However, the Court finds the Defendant has not suffered undue prejudice by Plaintiff's delayed service and that this factor weighs heavily in favor of extending the time for service. MCJT does not argue that it was not served, rather, timeliness is the only basis it asserts for insufficient process. MCJT has been properly served and the parties have conducted a discovery conference, exchanged initial disclosures, submitted a joint status report, and commenced discovery. (Docket No. 63 at 5). "Dismissing the case now . . . would do nothing to advance the efficient litigation of cases that Rule 4(m) is intended to promote – to the contrary, it would be inefficiency of the highest

magnitude . . . ." *DatRec,* 2022 WL 2758527, at *2. Furthermore, as Plaintiff correctly points out, "despite the additional time taken, Plaintiff still effectuated service 'more timely . . . than in other cases in which this Court has issued warnings to plaintiffs and given a deadline to serve the complaint.'" (Docket No. 63 at 6) (citing *DatRec,* 2022 WL 2758527, at *2). *See also, Spears v. Okmulgee Cnty. Crim. Just. Tr. Auth.*, No. 23-CV-65-JFH-GLJ, 2023 WL 4143244, at *4 (E.D. Okla. June 5, 2023) (unpublished) (The Court concluded that service was improper and untimely and good cause was not shown. Nonetheless, the Court determined service should be quashed and that Plaintiff should be granted additional time to cure the defective service); *Harris v. Edwards,* No. CIV-22-310-RAW-GLJ, 2023 WL 4041888, at *1 (E.D. Okla. Apr. 5, 2023) (unpublished) (Plaintiff failed to establish good cause for lack of service of complaint but the Court granted Plaintiff a permissive extension of time to serve Defendant).

Accordingly, the time for Plaintiff to serve Defendant MCJT is extended such that the service effectuated on October 24, 2022 was timely. Defendant McCurtain County Jail Trust's Motion to Dismiss Plaintiff's First Amended Complaint (Docket No. 59) is therefore **DENIED**.

IT IS SO ORDERED this 14th day of July, 2023.

_____
D. Edward Snow
United States Magistrate Judge