IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-187-DES |
| ) | |
| McCURTAIN COUNTY JAIL TRUST; ) | |
| BOARD OF COUNTY COMMISIONERS ) | |
| OF McCURTAIN COUNTY, OKLAHOMA; ) | |
| SCOTT McLAIN, individually and in his ) | |
| official capacity as McCurtain County Jail ) | |
| Administrator; KEVIN CLARDY, individually ) | |
| and in his official capacity as McCurtain County ) | |
| Sheriff; and RICHARD WILLIAMSON; ) | |
| ALICIA MANNING; BRANDON STANSBURY; ) | |
| JOE EBERT; and CODY JOHNSON; in their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants, ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Alicia Manning's ("Defendant Manning") Amended Motion to Quash Deposition Notice or in the Alternative Stay Deposition and Brief in Support. (Docket No. 78). On June 27, 2023, Plaintiff filed an Amended Notice of Deposition to take the video deposition of Defendant Manning on July 20, 2023. (Docket No. 75). On July 7, 2023, Defendant Manning filed an Amended Motion to Quash Deposition Notice arguing that since Defendant's Motion to Dismiss on Qualified Immunity remains pending, the Court should stay discovery until the immunity issues is resolved. (Docket No. 78 at 3) citing *Workman v. Jordan,* 958 F. 2d 332, 336 (10th Cir. 1992). Plaintiff's response to Defendant Manning's Motion to Quash would have been due on July 21, 2023, a day after the deposition was noticed to take place. In an effort to allow Plaintiff time to respond to the Motion to Quash before the scheduled deposition, and to allow the Court time to review the Motions, on July 10, 2023, the

1

Court ordered Plaintiff to file an expedited response to Defendant Manning's Motion to Quash by Thursday, July 13, 2023. (Docket No. 80). Despite the Court's Order to do so, Plaintiff failed to file a response to Defendant Manning's Motion to Quash on the date ordered and instead filed his Response on the morning after the deadline.[1]

Defendant Manning's motion is made pursuant to Federal Rule of Civil Procedure 26(c), which governs motions for protective orders. Fed. R. Civ. P. 26(c) provides that a protective order may be issued "for good cause" and "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* "In the context of Rule 26(c), good cause requires a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Samson Res. Co. v. J. Aron & Co.,* No. 08-CV-752-TCK-SAJ, 2009 WL 1606564, at *1 (N.D. Okla. June 8, 2009) (citation omitted). "The moving party bears the burden of showing good cause for entry of a protective order." *Id.*

"Although it is within a district court's discretion to stay discovery pursuant to Rule 26(c) pending the outcome of a dispositive motion . . . such stays are not routinely granted by this Court or other district courts within the Tenth Circuit." *Samson,* WL 1606564 at *1 (citing *TSM Assoc., LLC v. Tractor Supply Co.*, No. 08-CV-230-JHP-FHM, 2008 WL 2404818, at *1 (N.D. Okla. June 11, 2008) ("Unless some compelling reason is presented, in the usual case discovery is not stayed

---

[1] While not an issue in the present Order, the Court notes Plaintiff has repeatedly failed to adhere to the deadline requirements throughout this case. Plaintiff failed to serve all defendants within the 90-day statutory requirement to do so, prompting multiple motions to dismiss by the Defendants. *See* (Docket Nos. 34, 35, 36, 59, 60 and 61). Plaintiff also failed to Amend his Complaint within the statutory timeframe without seeking approval of the Court, prompting a Joint Motion to Strike the pleading by the Defendants. (Docket No. 43). Rather than respond to the Motion to Strike, Plaintiff filed a Motion for Leave to File his First Amended Complaint. (Docket No. 45). Despite the Court's generous granting of Plaintiff's request to retroactively approve his filed Amended Complaint (Docket No. 52), Plaintiff has once again failed to meet prescribed deadlines. While such failures have yet to prejudice the parties, Plaintiff should be aware that the Court has noticed and future failures to adhere to deadlines will likely result in striking the pleadings for untimely filings.

as Defendant requests."); *Kutilek v. Gannon*, 132 F.R .D. 296, 297-98 (D. Kan. 1990) ("The general policy in this district is not to stay discovery even though dispositive motions are pending.")).

Factors that courts may consider in deciding whether to grant a stay of discovery include: "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Schmaltz v. Smithkline Beecham Corp.*, No. 08–CV–119, 2008 WL 3845260, at *1 (D. Colo. Aug. 15, 2008).

In the present case, Plaintiff argues that Defendant Manning is a key witness to the allegations in this case and whether she was a party or not, her testimony regarding Plaintiff's causes of actions not addressed in her Motion to Dismiss would still be necessary. (Docket No. 83 at 11). As a key witness, Plaintiff's motivation to depose Defendant Manning before memory fades is valid. *Id* at 2. Plaintiff has "the right to pursue his case and to vindicate his claim expeditiously." *Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

As for the second factor, Defendant Alicia Manning has not provided specific burdens she would suffer should she be deposed in this case. It is understandable, that she would not want to sit for a deposition until the Court's decision on her pending Motion to Dismiss. (Docket No. 78 at 2). However, even if the Court dismissed her from this action under qualified immunity, this alone would not eliminate the necessity for her deposition in this case. Defendant Manning's Motion to Quash is devoid of any argument showing that participation in a deposition at this stage, would "result in a clearly defined and very serious injury." *Price v. Cochran*, 66 F. App'x 781, 786 (10th Cir. 2003). Her only argument is that the request for a deposition prior to the ruling on

her Motion to Dismiss, "nullifies her protections of litigation and broad-reaching discovery that the doctrine of qualified immunity was meant to protect her from." (Docket 78 at 3). However, qualified immunity "does not shield [Defendant Officers] from all discovery but only from discovery which is either avoidable or overly broad." *Garrett v. Stratman,* 254 F.3d 946, 953 (10th Cir. 2001) (quoting *Maxey v. Fulton,* 890 F.2d 279, 282 (10th Cir. 1989). Plaintiff alleges that Defendant Manning may have information relating to Plaintiff other allegations in his case, separate and apart from her own involvement. (Docket No. 83 at 4). Thus, even assuming *arguendo* that Defendant Manning is entitled to qualified immunity, she would still be subject to the mechanisms of discovery as any non-party would be. Defendant Manning presents no facts sufficient to show that Plaintiff is seeking discovery that is avoidable or broad reaching, nor does she argue any specific deposition lines of questioning would violate her possible protections under the doctrine of qualified immunity.

The third factor for the Court to consider is convenience to the Court. It is the Court's responsibility "to control the disposition of the cases on its docket with economy of time and effort" for all actors in the litigation, including the court itself. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). At the request of the parties, this Court has already extended the scheduling order deadlines in this case, including extending the deadline for completion of discovery to December 18, 2023. (Docket No. 81). As the Court has already extended the deadlines, granting a stay as to Defendant Manning's deposition until the Court's ruling on her Motion Dismiss would not inconvenience the Court. However, there are six (6) other individually named Defendants in this case along with potential other representatives of the Jail Trust and the Board of County Commissioners who likely will also be deposed regarding Plaintiff's allegations. Additionally, there may be non-party witnesses whose depositions will also be requested. To stay

Defendant Manning's deposition at this stage, might prolong the completion of discovery within the new deadline and this Court is not inclined to extend the deadline again, without a sufficient showing of good cause.

The Fourth and Fifth factors relate to the interests of third-parties and the public. Neither party argues that any third-party or the public will be affected by the deposition of Defendant Manning in any respect. Although the Court can conceive that Defendant Manning's deposition and topics discussed may be of particular interest to the other officers within the McCurtain County Sheriff's office. Unfortunately, based on the nature of the claims asserted, it does not seem that even if Defendant Manning was found to be immune from suit, she would then be free from having to give testimony in this case. She was present during the arrest and clearly has relevant testimony as to the allegations. Therefore, the Court cannot perceive of a way that Defendant Manning would not be required to sit for a deposition in this matter, either as a Defendant or a non-party. "Qualified immunity does not mean the officers do not have to continue to perform their duties, which include enforcing the law, testifying in other cases, and responding to discovery in cases involving other defendants." *Montoya v. City and County of Denver,* No. 16-cv-01457-JLK, 2021 WL 8087380, at *3 (D. Colo. July 27, 2021). Accordingly, it is difficult to envision how Defendant Manning would be harmed by participation in a deposition. As such, Defendant's Motion to Quash the Deposition is DENIED.

IT IS SO ORDERED this __17th__ day of ____July____, 2023.

_____
D. Edward Snow
United States Magistrate Judge