IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-cv-187-RAW-DES |
| | ) |
| McCURTAIN COUNTY JAIL TRUST; | ) |
| BOARD OF COUNTY COMMISIONERS | ) |
| OF McCURTAIN COUNTY, OKLAHOMA; | ) |
| SCOTT McLAIN, individually and in his | ) |
| official capacity as McCurtain County Jail | ) |
| Administrator; KEVIN CLARDY, individually | ) |
| and in his official capacity as McCurtain County | ) |
| Sheriff; and RICHARD WILLIAMSON; | ) |
| ALICIA MANNING; BRANDON STANSBURY; | ) |
| JOE EBERT; and CODY JOHNSON; in their | ) |
| official and individual capacities, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants Joe Ebert, Scott McLain, Cody Johnson, and Brandon Stansbury's Joint Motion to Dismiss Plaintiff's Complaint, pursuant to Rule 12(b)(2), (4) and (5). (Docket No. 31). On November 29, 2022, United States District Judge Ronald A. White referred this case to Magistrate Judge Kimberly E. West for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 40). On June 2, 2023, the Court Clerk reassigned the undersigned Magistrate Judge as the referral judge for this case. (Docket No. 72). For the reasons set forth below, Defendants' Motion to Dismiss should be DENIED AS MOOT.

On June 27, 2022, Plaintiff Roper Harris filed his Complaint alleging violations of the United States Constitution, the Oklahoma Constitution, and Oklahoma law arising out of his arrest and incarceration at the McCurtain County Jail in September of 2021. (Docket No. 2). Defendants

argue that pursuant to Fed. R. Civ. P. 4(m), the Plaintiff had 90 days from June 27, 2022, or until September 25, 2022, to serve the Defendants with the Complaint and summons. (Docket No. 31 at 2). Defendants Ebert and McLain were served on October 22, 2022. (Docket Nos. 15 and 16). Defendant Johnson was served on October 23, 2022. (Docket No. 18). Defendants also argue that Defendant Stansbury was not actually served, rather an individual by the same name was served in Anadarko, Oklahoma (Docket Nos. 13 and 28). According to the Motion to Dismiss, Defendant Stansbury was not served at all. (Docket No. 31 at 2).

Defendants' argument for dismissal cites Fed R. Civ. P. 4(m). Under Fed. R. Civ. P. 4(m), "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time." This rule also states that "if the Plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Defendants argue that Plaintiff cannot show good cause for the delay; therefore, the complaint against these Defendants should be dismissed. (Docket No. 31 at 3).

Plaintiff agrees in his response that, based on Fed R. Civ. P. 4(m), he had 90 days or until September 25, 2022 to serve the Defendants. (Docket No. 42 at 2). Plaintiff disagrees with the Defendants' argument that under Rule 4(m), failure to have served within this time frame means the court must dismiss the action against the Defendants. Plaintiff relies on *DatRec, LLC v. Allegiance MD Software, Inc.,* No. 21-CV-543-TCK-JFJ, 2022 WL 2758572 (N.D. Okla. July 14, 2022) (unpublished) to support his claim that the court should grant a discretionary extension of time to effectuate service. His argument, while not explicitly stated, is essentially that while Plaintiff was late in effecting service, the Defendants have been served and any delay was not inordinate, prejudicial, or intentional. (Docket No. 42 at 3-4).

2

Following the filing of Defendants' Joint Motion to Dismiss (Docket No. 31) and Plaintiff's Response (Docket No. 42), Plaintiff filed an Amended Complaint (Docket No. 41) which Defendants promptly objected to for being filed out of time.[1] (Docket No. 43). The Plaintiff acknowledged his mistake and filed a motion requesting the Court to retroactively approve Plaintiff's previously filed First Amended Complaint, or in alternative approve a motion to file First Amended Complaint. (Docket No. 45). The Court granted the Plaintiff's request to retroactively approve his previously filed First Amended Complaint. (Docket No. 52 at 5). The Court determined that the fact that it was filed out of time is not a substantial reason to deny the request to file an Amended Complaint. There was no scheduling order entered at the time and therefore no undue delay in the filing. *Id.* at 4.

On March 15, 2023, Defendants Brandon Stansbury, Cody Johnson, Joe Ebert, and Scott McClain filed their Answers to Plaintiff's First Amended Complaint. (Docket Nos. 55, 56, 57, 58). None of these Defendants raised failure to serve, insufficient service, or lack of personal jurisdiction in their Answers to the Amended Counterclaim or in their Affirmative Defenses. Fed. R. Civ. P. 12(b) requires a party alleging lack of personal jurisdiction, insufficient process, and/or insufficient service of process to raise such defenses in either a responsive pleading or in a motion filed in lieu of a responsive pleading. *See* Fed. R. Civ. P. 12(b)(2), (4), (5). If a party fails to file a motion raising said defenses, or if a party files a responsive pleading but does not raise said defenses, Rule 12(h)(1)(A) provides that such party has waived its right to do so. Fed. R. Civ. P. 12(h)(1)(A) ("[a] party waives any defense listed in Rule (b)(2)-(5) by . . . failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading or in an amendment allowed

---

[1] Pursuant to Fed. R. Civ. P. 15(a), Plaintiff had twenty-one (21) days after service of the Defendants' Motion to Dismiss to file an amended complaint without the need of Defendants' consent or leave of court. Plaintiff filed his Amended Complaint, three (3) days after the deadline to file without the consent of the Defendants or leave of court.

by Rule 15(a)(1) as a matter of course."). Oklahoma law is also clear that a defense of lack of personal jurisdiction, insufficiency of process, or insufficiency of service of process is waived if the defense is omitted from a responsive motion, or if it is not made by motion and is not included in a responsive pleading. Okla. Stat. tit. 12 § 2012(F)(1). Based on this, it would seem that these Defendants voluntarily submitted to the Court's jurisdiction by filing their Answers to the First Amended Complaint without raising the defenses of insufficient service or lack of personal jurisdiction. *See, e.g., U.S. Heijnen*, 376 F. Supp. 2d. 1193, 1194 (D.N.M. 2005) (By appearing in Court and filing motions without raising the sufficiency of service, the Court determined that the Defendant waived his objection to the adequacy of service and voluntarily submitted to the Court's personal jurisdiction.); *see also Garrett v. Gordon,* 314 P.3d 264, 274 (Okla. Civ. App. 2013) (a Defendant voluntarily submitted to the jurisdiction of the district court . . . by filing his special appearance without objecting to personal jurisdiction.). Defendants have submitted themselves to the jurisdiction of the Court and have abandoned the arguments relating to service of process originally raised in their Motion to Dismiss (Docket No. 31), making their Motion to Dismiss moot.

Based on the above findings, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Joint Motion to Dismiss (Docket No. 31) should be DENIED AS MOOT. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

DATED this 24th day of July, 2023.

D. Edward Snow
United States Magistrate Judge