IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-187-RAW-DES |
| ) | |
| McCURTAIN COUNTY JAIL TRUST; ) | |
| BOARD OF COUNTY COMMISIONERS ) | |
| OF McCURTAIN COUNTY, OKLAHOMA; ) | |
| SCOTT McLAIN, individually and in his ) | |
| official capacity as McCurtain County Jail ) | |
| Administrator; KEVIN CLARDY, individually ) | |
| and in his official capacity as McCurtain County ) | |
| Sheriff; and RICHARD WILLIAMSON; ) | |
| ALICIA MANNING; BRANDON STANSBURY; ) | |
| JOE EBERT; and CODY JOHNSON; in their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

This matter comes before the Court on Defendants Board of County Commissioners of McCurtain County ("Defendant BOCC") and Kevin Clardy ("Defendant Clardy"), in his official capacity's Motion to Dismiss Plaintiff's First Amended Complaint, pursuant to Rule 12(b)(2), (4) and (5) and (6) for lack of personal jurisdiction due to insufficient process and insufficient service of process and for failure to state a claim upon which relief can be granted. (Docket No. 60). On November 29, 2022, United States District Judge Ronald A. White referred this case to Magistrate Judge Kimberly E. West for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 40). On June 2, 2023, the Court Clerk reassigned the undersigned Magistrate Judge as the referral judge for this case. (Docket No. 72). For the reasons set forth below, Defendants' Motion to Dismiss should be DENIED.

1

I.     Background

On June 27, 2022, Plaintiff Roper Harris filed his Complaint alleging violations of the United States Constitution, the Oklahoma Constitution, and Oklahoma law arising out of his arrest and incarceration at the McCurtain County Jail in September of 2021. (Docket. No. 2). Plaintiff filed his First Amended Complaint on December 5, 2022. (Docket No. 41). Plaintiff's First Amended Complaint alleges that, at all times relevant, Defendant Clardy was Sheriff of McCurtain County, Oklahoma. (Docket No. 41, at ¶ 24). Plaintiff further alleges that "as McCurtain County Sheriff, Clardy 'has the power and authority to operate the County Jail.'" *Id.* at ¶ 30. (quoting http://www.mccurtain.okcounties.org/offices/county-sheriff). As to Defendant BOCC, Plaintiff alleges in his First Amended Complaint that the "Board of County Commissioners of McCurtain County is the chief administrative body for McCurtain County, a political subdivision of the State of Oklahoma . . . ." *(Id.* at ¶ 33). Plaintiff alleges that on September 15, 2021, Defendant Clardy along with his deputies, Defendants Richard Williamson and Alicia Manning, arrested Plaintiff at his residence. During this arrest, Plaintiff alleges that while he was handcuffed and not resisting he was "forcibly yanked and shoved . . . down a high, steep flight of stairs . . . ." *Id.* at ¶¶ 76-79. Plaintiff alleges these actions amount to constitutionally unreasonable, excessive and unnecessary force. *Id.* at ¶ 78. As to Defendant BOCC, Plaintiff alleges that Defendant BOCC was on notice that the McCurtain County Jail "administrators, supervisors, detention officers, medical staff, and/or other personnel were inadequately trained . . . [and that] detention workers subjected inmates to unnecessary and constitutionally- excessive force . . . placing inmates like Harris at excessive risk of harm." *Id.* at ¶ 107. Furthermore, Plaintiff alleges that Defendant BOCC in "deliberate indifference to the rights of pretrial detainees like Harris, failed to alleviate the . . . risks, which were known and obvious." *Id.* at ¶ 108.

Defendants raise four (4) issues for the Court's consideration in their Motion to Dismiss Plaintiff's First Amended Complaint: (1) service upon the Defendants was untimely (Docket No. 60 at 4-8); (2) Plaintiff's claims against Defendant BOCC are unnecessarily duplicative of his claims against Defendant Clardy in his official capacity (*Id*. at 8-13); (3) Plaintiff has failed to state a plausible 42 U.S.C. § 1983 excessive force claim against Defendants (*Id*. at 13-15); and (4) Plaintiff has failed to state a plausible 42 U.S.C. § 1983 claim against the Defendants in relation to the operation of the jail (*Id*. at 15-20).

## II. Analysis

### a. Timing of Service and Permissible Extension of Time

The first issue raised by Defendants in their Motion to Dismiss Plaintiff's First Amended Complaint is that service upon the Defendants was untimely. (Docket No. 60 at 4-8). The undersigned Magistrate Judge has previously addressed this issue in Defendant McCurtain County Jail Trust's Motion to Dismiss and found that although the Defendants were not served within 90-days of the filing of the complaint and Plaintiff did not show good cause sufficient to warrant a mandatory extension of time for service, the Court nonetheless has the discretion to grant a permissible extension of time for the Plaintiff to serve. *Espinoza v. United States*, 52 F. 3d 838, 841 (10th Cir. 1995). As the Defendants have not suffered any undue prejudice for the delay in service; service was in fact effected; and the parties have conducted a discovery conference, exchanged initial disclosures, submitted a joint status report, and commenced discovery, the undersigned Magistrate Judge recommends that Defendants' Motion to Dismiss for untimely service should be DENIED.

### b.  BOCC is a Proper Defendant to Plaintiff's 42 U.S.C. § 1983 Claims

For their second issue, Defendants allege Plaintiff's claims against Defendant BOCC are unnecessarily duplicative of his claims against Defendant Clardy in his official capacity. Defendants argue that in Plaintiff's Third and Eighth Causes of Action of the First Amended Complaint, Plaintiff asserts 42 U.S.C. § 1983 violations along with state tort law claims for excessive force against both Defendant BOCC and Defendant Clardy in his official capacity as McCurtain County Sheriff. (Docket No. 60 at 8-9).  Defendants argue that Defendant BOCC is not a proper party to those claims and that Defendant Clardy, in his official capacity as McCurtain County Sheriff, is the proper party. *Id.* at 9. Defendants argue that Plaintiff cannot establish liability against Defendant BOCC as a matter of law, because BOCC does not have any final policy-making authority regarding the operation of the McCurtain County Sheriff's Office. *Id.* Defendant BOCC cites two Oklahoma statutes to support this argument, Okla. Stat. tit. 19, §§ 131 and 516. *Id.* Okla. Stat. tit. 19, § 131 indicates that elections of county sheriff are separate and apart from elections of county commissioners. Okla. Stat. tit. 19, § 516 (A) states

> [i]t shall be the duty of the sheriff, undersheriffs and deputies to keep and preserve the peace of their respective counties, and to quiet and suppress all affrays, riots and unlawful assemblies and insurrections, for which purpose and for the service of process in civil and criminal cases, and in apprehending or securing any person for felony or breach of the peace, they and every constable may call to their aid such person or persons of their county as they may deem necessary."

*Id.*

Furthermore, Defendants argue that under Okla. Stat. tit. 19 § 547(A), "[t]he sheriff shall be responsible for the official acts of the undersheriff and deputy sheriffs" *id.*; which indicates that under Oklahoma Law, the county sheriff is the official charged with final policy making authority regarding the operations of the Sheriff's Office. (Docket No. 60 at 9). While this argument requires the undersigned Magistrate Judge to stretch the plain language of the cited statutes, Defendant also

4

cites *Jantzen v. Bd. of Cnty. Comm'rs of Canadian Cnty.*, 188 F.3d 1247, 1259 (10th Cir. 1999), where the Tenth Circuit held a municipality cannot be liable under § 1983 for acts of a municipal official in his official capacity "unless that official possesses final policymaking authority to establish municipal policy with respect to acts in question." *Id*. (citations omitted). Defendant further cites *Gross v. Bd. of Cnty. Cmom'rs of Creek Cnty.*, No. 13-CV-0374-CVE-TLW, 2014 WL 4983856 (N.D. Okla. Oct. 6, 2014) (unpublished) in which the Court granted summary judgment to the Board of County Commissioners of Creek County on the plaintiff's claims under § 1983 finding:

> The second amended complaint is completely devoid of any reference to the Board itself, its individual members, or its employees. Plaintiffs present no policies, customs, or other legal justifications, outside of their reference to Title 19, § 4, showing why the Board is responsible for the allegedly unconstitutional acts of Sheriff Davis, his deputies, or the jail officials in his employ. Thus, the Board is entitled to summary judgment on all of plaintiffs' claims under § 1983.

*Id*. at *6.

Defendant argues in this case there are no "non-conclusory" factual allegations which affirmatively link any alleged act or omission by Defendant BOCC to the alleged violations of Plaintiff's constitutional rights. (Docket No. 60 at 10). There are no allegations that Defendant BOCC was involved in the operation of the Sheriff's Office, that Defendant Clardy delegated any policy making authority to Defendant BOCC, or that Defendant BOCC exercised any *de facto* policy-making authority regarding the operation of the Sheriff's office. *Id.*

Finally, Defendants also argue that Plaintiff's § 1983 excessive force claims against Defendant BOCC are entirely redundant and duplicative of the same claims against Clardy in his official capacity and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 60 at 11). Along the same lines, Defendants argue that Plaintiff's state law excessive force claims against Defendant BOCC should be dismissed as unnecessarily duplicative of the same claims

5

against Defendant Clardy under Okla. Stat. tit. 19 § 4, which states that ". . . [s]uit may be brought against a county by naming a county officer identified in Section 161 of this title when it is alleged that such officer in his or her official capacity is directly or vicariously liable to plaintiff in an action not arising out of contract." (Docket No. 60 at 12). As the Sheriff of McCurtain County, Clardy is a "county officer" identified in section 161, and as such, Defendant Clardy is better suited to represent and defend McCurtain County. *Id.*

Plaintiff argues that Defendant BOCC has been properly named as a defendant to Plaintiff's § 1983 claims by stating that it is well-established that "a municipal [or county] entity may be held liable for an act it has officially sanctioned or for the actions of an official with final policymaking authority" *Revilla v. Glanz*, 7 F. Supp. 3d 1207, 1217 (N.D. Okla. 2014). Plaintiff also cites *DuBois v. Bd. of Cnty. Comm'rs of Mayes Cnty., Okla.,* No. 12-CV-677-JED-PJC, 2014 WL 4810332 (N.D. Okla. Sept. 29, 2014) (unpublished), wherein the court found that under Oklahoma Law, claims against a county must be brought by naming the board of county commissioners of that county even where the Sheriff is also named in his official capacity. *Id.* at *6-7. Plaintiff argues that even if the claims against Defendant Clardy and Defendant BOCC overlap, the Court should treat them as one in the same because there is no prejudice in doing so since double recovery is disallowed. (Docket No. 67 at 10-11).

Oklahoma district courts have presented varied views on this issue. Sometimes the claims against the board of county commissioners are dismissed, and sometimes the court decides that the board of county commissioners must be named in order to sue the county. *Compare Bowens v. Bd. of Cnty. Comm'rs of Custer Cnty., Okla.*, No. CIV-19-314-C, 2020 WL 2892670, *2 (W.D. Okla. June 2, 2020) (unpublished) ("Plaintiff's claims against Sheriff Tidwell in his official capacity and those against Defendant Board are duplicative. Defendant Board's request for

6

dismissal will be granted on this issue.") *with Holbert v. Cimarron Cnty. Sheriff's Dep't,* No. CIV-20-887-R, 2021 WL 111868, at *6 (W.D. Okla. Jan. 12, 2021) (unpublished) ("Here, the Court previously concluded that the Complaint sufficiently stated a claim against Sheriff Apple in his supervisory capacity under § 1983. Because Plaintiff alleges Sheriff Apple is the final policymaker with regard to the Jail for the county, Plaintiff has sufficiently pled a § 1983 action against the Board; the Board's motion to dismiss Plaintiff's 42 U.S.C. 1983 claims against it is therefore denied.").

The Court in *DuBois* attributes the conflating decisions to the courts' interpretation of *Meade v. Grubbs,* 841 F.2d 1512 (10th Cir. 1988), which involved suit against three *individual* commissioners of the Oklahoma County Board of Commissioners rather than the board itself. *Id.* at 1517. (emphasis added). The Tenth Circuit determined that the individual commissioners could not be held liable for the actions of the sheriff deputies under a theory of supervisory liability, because the commissioners acting on the board had no responsibility for supervising and training deputies in the use of force. *Id.* at 1527-28.

As such, the court in *DuBois* held that "[w]hile *Meade* would generally preclude a plaintiff from suing commissioners in their *individual* capacities for actions of sheriff's deputies, the court's holding in that case does *not* preclude a plaintiff from bringing a § 1983 *municipal liability* action against a *county*." *DuBois,* 2014 WL 4810332 at *7 (emphasis in original). Furthermore, the Oklahoma statute is clear, "[i]n all suites or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of _____,'" Ok. St. tit. 19 §4. "This statute is mandatory and requires that all suits prosecuted by or against a county be prosecuted in the name of the board of county commissioners of the county of interest." *Green Const. Co. v. Oklahoma Cnty.*, 50 P.2d 625, 627 (Okla. 1935). Accordingly, the undersigned

Magistrate Judge concludes, at this time, the Board of County Commissioners is a proper party to Plaintiff's § 1983 claims. As such, Defendants' Motion to Dismiss Defendant BOCC as a party to Plaintiff's § 1983 claims should be DENIED.

### c. Plaintiff has Stated a Plausible 42 U.S.C. § 1983 Excessive Force Claim

Defendants next assert that Plaintiff has failed to allege sufficient facts to state a plausible § 1983 excessive force claim against the Defendants. (Docket No. 60 at 13-15). On a Motion to Dismiss, the court must decide whether Plaintiff has alleged "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This does not mean all facts must be presented at the time of the complaint, but merely that the complaint must "give the defendant fair notice of what the claim . . . is and the grounds upon which it rests." *Id.* at 555 (quotation omitted). It is not enough for plaintiff to plead facts "merely consistent" with the defendant's liability – "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Instead, a plaintiff must state enough facts to nudge his claims "across the line from conceivable to plausible." *Twombly,* 550 U.S. 544 at 570.

Defendants argue that for them to be liable under § 1983, Plaintiff must show the constitutional injury was caused by the governmental entity's own policies and customs, and the actions of the governmental entity must be the moving force behind the constitutional violation. (Docket No. 60 at 13) (citing *Monell v. Dep't of Social Servs. of City of New York,* 436 U.S. 658, 694 (1978)). Defendants argue that constitutional violation only "attaches where . . . the entity makes a deliberate choice to follow a course of action from among various alternatives." (Docket No. 60 at 13) (citing *Pembaur v. Cincinnati,* 475 U.S. 469, 483 (1986). Here, Defendants claim Plaintiff has failed to allege more than non-conclusory allegations that Defendants had "a long-

standing culture and practice of disregarding its written policies," and had a custom of "permitting its personnel to engage in unnecessary, unreasonable and excessive force on arrestees who pose no threat . . . ." (Docket No. 60 at 14) (citing Docket No. 41 at ¶¶ 97, 99).

The undersigned Magistrate Judge does not agree. In his First Amended Complaint, Plaintiff alleges Defendants failed to adequately train law enforcement personnel regarding excessive force, had knowledge of a prior pattern of similar incidents in which law enforcement personnel were involved, and deliberately chose to disregard the risk of harm to suspects, arrestees, detainees, and inmates. (Docket No. 41 at ¶¶ 172-213). Plaintiff includes factual allegations about misconduct of Defendant BOCC and Defendant Clardy which, if taken as true, contain enough allegations of fact to state a claim in which relief is plausible on its face.[1] *Twombly*, 570 U.S. at 550. Accordingly, the undersigned Magistrate Judge concludes, at this time, Plaintiff has alleged sufficient facts to state a plausible § 1983 excessive force claim against Defendants. As such, the undersigned Magistrate Judge recommends that Defendants' Motion to Dismiss Plaintiff's 42 U.S.C. § 1983 Excessive Force Claims should be DENIED.

### d. Plaintiff has Stated a Plausible 42 U.S.C. § 1983 Claim in Relation to the Operation of the Jail

Defendants' fourth issue alleges that Plaintiff has failed to state a plausible 42 U.S.C § 1983 claim against the Defendants in relation to the operation of the jail. Defendants' argument is that Plaintiff's First Amended Complaint is "devoid of any non-conclusory allegations of fact indicated that the Defendants had any involvement in the operation of the McCurtain County Jail Trust,

---

[1] Plaintiff alleges that Defendant Clardy was present during his arrest and that Defendant Clardy and/or his deputies caused injury to Plaintiff while he was restrained and not resisting. (Docket No. 41 at ¶¶ 76-84). Furthermore, Plaintiff alleges that Defendant BOCC was on notice of prior instances of unconstitutional mistreatment including excessive force in the McCurtain County Jail and displayed "deliberate indifference" to the rights of pretrial detainees. *Id.* at ¶¶ 107-108. Plaintiff further included allegations of a separate inmate who sued Defendant BOCC for allegations similar to the case at bar as evidence that Defendant BOCC was on notice of the alleged constitutional violations. *Id.* at ¶¶ 172-183.

much less any finial policymaking authority regarding its operation." (Docket No. 60 at 16). Defendants argue that Plaintiff, by his own assertions in the First Amended Complaint, establishes that the entity with final policy making authority regarding the operation of the jail is Defendant McCurtain County Jail Trust. *Id.* at 17. Plaintiff argues that ¶¶ 30-32 of his First Amended Complaint specifically allege facts regarding Defendant Clardy's involvement with the McCurtain County Jail, including the allegation that he serves as Chairman of the McCurtain County Jail Trust Board of Trustees, and his own statements that the "sheriff has full control of the jail and its employees". (Docket No. 41 at ¶¶ 30-32). Furthermore, Plaintiff asserts that "the County was responsible, *inter alia*, for supervising [McCurtain County Jail Trust]'s creation . . ." and "the County was responsible, *inter alia*, for ensuring that [McCurtain County Jail Trust] was preventing (or taking all reasonable steps in an effort to prevent) jail personnel from using constitutionally unreasonable/excess force upon Plaintiff . . . ." (Docket No. 41 at ¶¶ 40-41). Finally, as noted above, Plaintiff alleges that Defendant BOCC was on notice of alleged prior instances of unconstitutional mistreatment at the McCurtain County Jail and despite this knowledge, displayed "deliberate indifference" to the rights of pretrial detainees. *Id.* at ¶¶ 107-108.

Accepting the allegations as true and construing them in the light most favorable to the Plaintiff, at this time, the undersigned Magistrate Judge finds Plaintiff has alleged sufficient facts to state a plausible 42 U.S.C § 1983 claim against the Defendants in relation to the operation of the jail; therefore, Defendants' Motion to Dismiss should be DENIED. Any objections to this Report and Recommendation must be filed within fourteen days. See 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objections and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 29th day of August, 2023.

_____
D. Edward Snow
United States Magistrate Judge