## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROPER HARRIS,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. CIV-22-187-RAW-DES** |
| ) | |
| **McCURTAIN COUNTY JAIL TRUST,** ) | |
| **et al.,** ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| ) | |
| Defendants. ) | |

### ORDER

Before the court is the objection of the defendants to the Report and Recommendation of the United States Magistrate Judge, in which he recommended that the motion to dismiss of defendant Board of County Commissioners and defendant Clardy in his official capacity be denied. In the First Amended Complaint (#41), plaintiff alleges that defendants Clardy, Williamson[1], and Manning arrested plaintiff at his place of residence in Broken Bow, Oklahoma and used excessive and unnecessary force in so doing.  After his arrest, plaintiff was taken to the McCurtain County Jail.  Defendants Scott McLain , Brandon Stansbury, Joe

---

[1]Williamson was recently dismissed without prejudice as a defendant.  (#171)

Ebert and Cody Johnson, used excessive force on plaintiff and encouraged and permitted other jail inmates to physuicaly attack and beat plaintiff without provocation, failed to intervene to stop the attacks, and failed to provide medical attention and/or refused to permit the timely administration thereof after plaintiff communicated his need for such attention. As against the present movants, the amended complaint alleges claims for failure to train, supervise or control (Third Cause of Action), for "*Monell* liability" (Seventh Cause of Action) [both claims pursuant to 42 U.S.C. §1983] and a claim for unlawful use of excessive force [Eight Cause of Action], pursuant to state tort law.

Defendants having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition.  *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P.

The Magistrate Judge first found that movants should not dismissed based upon allegedly faulty service of process.  Movants have not objected to this aspect.  The court finds "there is no clear error on the face of the record."  Rule 72(b), advisory committee note.

Next, the Magistrate Judge addressed the argument that the Board and Clardy in his official capacity should not both be defendants as the claims are duplicative.  The Magistrate Judge engaged in a thorough discussion, noting that "Oklahoma district courts have presented varied views on this issue." (#101 at 6).  He concluded that "*at this time*, the Board of County Commissioners is a proper party to Plaintiff's §1983 claims."  *Id.* at 8 (emphasis added).  In other words, the issue may be revisited (if necessary) at summary judgment.

Movants argue that the Board "should not be required to bear the burden of the inconvenience and expense of litigation." (#103 at 2). Inasmuch as both defendants are represented by the same counsel, such matters seem minimal. The objection will be overruled in this regard.

Movants also contend that plaintiff has failed to state a plausible §1983 or state law excessive force claim or failure to intervene claim against the defendants Clardy, Williamson, and Manning (regarding plaintiff's Third and Eighth Causes of Action against movants.) The court has rejected this argument on the merits in a companion order, which is incorporated herein by reference. As the Magistrate Judge stated: "*at this time*, Plaintiff has alleged sufficient facts to state a plausible §1983 excessive force claim against Defendants." (#101 at 9).(emphasis added).

Finally, the Magistrate Judge found that "*at this time* . . . Plaintiff has alleged sufficient facts to state a plausible 42 U.S.C. §1983 claim against the Defendants in relation to the operation of the jail; therefore, Defendants' Motion to Dismiss should be DENIED." (#101 at 10)(emphasis added). The court is persuaded that dismissal under Rule 12(b)(6) should be generally disfavored, particularly in a case of this type. The discovery process and the resulting motions for summary judgment will lead to addressing the same issues with greater confidence in the result.

It is the order of the court that the objection of the defendants (#103) is hereby denied.

The Report and Recommendation (#101) is affirmed and adopted as the order of the court.

The motion of the defendants to dismiss (#60) is denied.

**IT IS SO ORDERED** this 18th day of MARCH, 2024.

_____

**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**