# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROPER HARRIS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-187-RAW-DES |
| | ) |
| **McCURTAIN COUNTY JAIL TRUST,** et al., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is the partial objection of the defendants Kevin Clardy, Richard Williamson, and Alicia Manning to the Report and Recommendation of the United States Magistrate Judge.[1] In the First Amended Complaint (#41), as pertinent here, plaintiff alleges that these defendants arrested plaintiff at his place of residence in Broken Bow, Oklahoma and used excessive and unnecessary force in so doing. Alternatively, plaintiff alleges that each defendant failed to intervene to prevent and/or stop each other from using excessive and unreasonable force on plaintiff. These claims are brought pursuant to 42 U.S.C. §1983.

---

[1]Williamson was recently dismissed without prejudice as a defendant. (#171)

Plaintiff also brings a claim under state tort law for unlawful use of excessive force. Defendants moved to dismiss based upon insufficient process, insufficient service of process, failure to state a claim, and qualified immunity.

Defendants having filed a timely objection, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P. Plaintiff has filed a response to the objection (#115) but has not filed an independent objection.

The Magistrate Judge recommended that the defendants' motion to dismiss be granted as to defendants Williamson and Manning in their official capacities. No objection has been raised to this aspect.[2] The Magistrate Judge further recommended that the motion to dismiss be otherwise denied. It is to this aspect that the defendants object.

To survive Rule 12(b)(6) F.R.Cv.P., a plaintiff's complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Shipps v. Groves,* 2023 WL 3221931, *1 (10th Cir.2023)(citation omitted). A claim is facially plausible when the complaint contains factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The court

---

[2] In the absence of an objection, the district court may review a Magistrate Judge's recommendation under any standard it deems appropriate. See Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir.1991). In this matter, the court has reviewed the Report and Recommendation to satisfy itself that there is "no clear error on the face of the record." Rule 72(b), Advisory Committee Notes.

must construe the allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Id.*

"While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [the] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines,* 671 F.3d 1188, 1192 (10th Cir.2012). "In other words, Rule 8(a)(2) still lives." *Id.* at 1191. Rule 8(a)(2) embodies the traditional concept of notice pleading. To state a claim under §1983, plaintiff must allege (1) the deprivation of a federally protected right (2) by an actor acting under color of state law. *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir.2016).[3]

Defendants' most basic reliance is on *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir.2008), wherein the court stated that when a complaint names numerous defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Id,* at 1250 (emphasis in original). *See also Matthews v. Bergdorf,* 889 F.3d 1136, 1148 (10th Cir.2018). It should be noted, however, that the court in *Robbins* also stated that "[c]ontext matters" and

---

[3] To state a constitutional violation for failure to intervene, a plaintiff must allege that (1) a government officer violated his constitutional rights, (2) a different government actor (the defendant) observed or had reasons to know about that constitutional violation, and (3) the defendant had a realistic opportunity to intervene, but failed to do so. *Merrill v. Fell,* 2023 WL 8827665, *3 (10th Cir.2023).

"[f]air notice under Rule 8(a)(2) depends on the type of case." *Id.* at 1248-49. Here, the context is an alleged use of excessive force by three officers acting simultaneously.

First, defendants contend plaintiff has failed to state a plausible claim against the defendants in their individual capacities under §1983 or state tort law. They contend that the individual defendants are unable to discern the specific allegations against them. For example, plaintiff alleges that after being handcuffed, "Defendants Clardy, Williamson, and Manning (or alternatively, any one or combination of them) unnecessarily and without provocation violently threw Harris down, slamming him face-fist into the concrete sidewalk." (#41 at ¶80). Defendants observe: "Plaintiff *must know* who allegedly performed these acts instead of stating alternatively, 'any one or combination of them.' Plaintiff's lack of specificity in the allegation leave the individual Defendants unable to discern who is alleged to have done what." (#109 at 2)(emphasis added).

The court does not adopt defendants' confident assertion as to plaintiff's knowledge. An individual who is in the grasp of three law enforcement officers does not necessarily have the time (or lighting) to discern which officer performed which act. *A fortiori*, under allegations of being thrown face-first into the sidewalk (which may also indicate plaintiff had his back to the officers), precise attribution of conduct may not be possible. "Collective pleading" may be necessary at this stage to adequately describe collective action. The court agrees with the Magistrate Judge's citation of *Est. of Booker v. Gomez,* 745 F.3d 405 (10th Cir.2014) for the proposition that "the court does not need to conduct an individualized

analysis of the defendants' involvement in order to determine whether excessive force was used." (#102 at 8).

Defendants contend *Booker* is inapposite because it was a summary judgment case. In other words, defendants argue the standard is <u>stricter</u> at the pleading stage. This view is not consistent with the concept of notice pleading. "Rule 8(a) is not so rigid that it requires a plaintiff, without the benefit of discovery, to connect every single alleged instance of misconduct in the complaint to every single specific officer. . . . At the motion-to-dismiss stage, a plaintiff may generally name those responsible for the alleged violations, including by grouping defendants into subgroups of individuals who are alleged to have acted jointly." *Sopron v. Cassidy,* 2022 WL 971563, *5 (N.D.Ill.2022)(citation omitted).

Defendants also seek dismissal of the §1983 claim based on qualified immunity. Asserting a qualified immunity defense via a Rule 12(b)(6) motion subjects the defendant to a more challenging standard of review than would apply on summary judgment. *Henry v. Ross,* 62 F.4th 1248, 1253 (10th Cir.2023)(citation omitted). This is because at the motion to dismiss stage, it is the defendant's conduct *as alleged in the complaint* that is scrutinized for objective legal reasonableness. *Id.* (emphasis in original) When a defendant claims qualified immunity, the plaintiff must show (1) the defendant violated his constitutional rights, and (2) the law was clearly established at the time of the alleged violation. *Id. See also Frey v. Town of Jackson,* 41 F.4th 1223, 1232 (10th Cir.2022).

Clearly established means that, at the time of the officer's conduct, the law was

5

sufficiently clear that every reasonable official would understand that what he or she is doing is unlawful. In other words, existing law must have placed the constitutionality of the officer's conduct beyond debate. *Henry v. Ross,* 62 F.4th 1248, 1253 (10th Cir.2023). Defendants rely on their argument that plaintiff has failed to state a claim and do not expressly object to the Report and Recommendation in respect to clearly-established law. In any event, the undersigned agrees with the analysis of the Magistrate Judge that the law was clearly established. Thus, plaintiff has satisfied both prongs of his qualified immunity burden, both as to the excessive force claim and the failure to intervene claim.

      Finally, the defendants object to the Magistrate Judge's conclusion that they are not immune from plaintiff's state law excessive force claim. State employees are immune from liability for torts if acting within the scope of their employment. *See* 51 O.S. §152.1(A). "Scope of employment," however, is defined as performance in good faith. *See* 51 O.S. §152(12). The amended complaint alleges the defendants' conduct was not in good faith and/or was for the purpose of causing harm to plaintiff. (#41 at ¶¶109-10). Defendants argue these allegations are conclusory. The court disagrees. A conclusory allegation is one in which an inference is asserted without stating underlying facts or including any factual enhancement. *Matney v. Barrick Gold of N.Am.,* 80 F.4th 1136, 1144 (10th Cir.2023). Plaintiff's allegations are not of this type, but rather state a plausible inference.

It is the order of the court that the partial objection of the defendants (#109) is hereby denied. The Report and Recommendation (#102) is affirmed and adopted as the order of the court. The motion of the defendants to dismiss (#61) is granted as to dismissal of claims against defendants Manning and Williamson in their official capacity; in all other respects the motion is denied.

**IT IS SO ORDERED** this 18th day of MARCH, 2024.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**