# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **ROPER HARRIS,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) Case No. 22-CV-187-RAW-DES |
| (2) **McCURTAIN COUNTY JAIL TRUST,** | ) |
| (3) **BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, OKLAHOMA,** | ) |
| (4) **SCOTT McCLAIN,** individually and in his official capacity as McCurtain County Jail Administrator; | ) **JURY TRIAL DEMANDED** ) **ATTORNEY LIEN CLAIMED** |
| (5) **KEVIN CLARDY,** individually and in and in his official capacity as McCurtain County Sheriff; and | ) |
| (6) **RICHARD WILLIAMSON;** | ) |
| (7) **ALICIA MANNING;** | ) |
| (8) **BRANDON STANSBURY;** | ) |
| (9) **JOE EBERT;** and | ) |
| (10) **CODY JOHNSON;** in their official and individual capacities, | ) |
| **Defendants.** | ) |

## PLANTIFFS MOTION FOR SANCTIONS AND ADVERSE INFERENCE

Plaintiff Roper Harris ("Harris" or "Plaintiff") respectfully requests an order to order for sanctions against Defendant Cody Johnson in the form of a mandatory Adverse Inference under FED. R. CIV. P 37(c)(1). Defendant Johnson invoked his Fifth Amendment privilege at his noticed deposition on March 19, 2024 failing to provide

information he would have otherwise provided under FED. R. CIV. P 26(a) & (e).   .  Plaintiff has now been foreclosed from obtaining Defendant's testimony and his valuable evidence in proving his case.  Further, Plaintiff is also frustrated in proving the Defendant Johnson was performing certain actions in furtherance of his duties while employes at the McCurtain County Jail.

## STATEMENT OF COMPLIANCE WITH LCvR 7.2(g)(4)

On June 17, 2024, the office of Plaintiff's counsel contacted defense counsel Mark McAlister regarding the content of this motion, and requesting confirmation if their client was going to stand by their fifth amendment assertion of modify it and testify at trial. Counsel agreed to have a follow up conversation on June 21, 2024, if they were able to verify these facts with Defendant Johnson.  No further communication was received from counsel for Defendant Johnson.

## FIFTH AMENDMENT PRIVILEGE

The Federal Discovery Code provides that any party to a civil action is entitled to all information relevant to the subject matter of the action unless the information is privileged. FED R CIV.P. 26.  The privilege against self-incrimination is one such privilege that, in proper circumstances, may be invoked in civil cases as well as criminal proceedings. *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981); citing *Kastigar v. U.S.*, 406 U.S. 441, 445, 92 S.Ct. 1653, 1656 (1972).   The Fifth Amendment declares in part that "No person … shall be compelled in any Criminal Case to be a witness against himself."  The case at bar here is a civil case. The privilege not only extends to answers that would in themselves support a conviction under a federal criminal statute but likewise embraces those which

would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime. This protection, however, must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. It is important to remember that Mr. Harris bears the burden of proving the facts in his case. Allowing Defendants to invoke their Fifth Amendment privilege without a proper jury instruction to the fact could unnecessarily confuse the jury.

Thus, by the operation of both the Federal Discovery Code and the Constitution, a party is shielded from compulsory discovery in a civil action if a risk of self-incrimination is involved. Id. To take advantage of that shield, however, the privilege must be properly asserted. *Industrial Indem. Co. v. Niebling*, 844 F.Supp. 1374, 1377 (D.Ariz. 1994); see also *S.E.C. v. Graystone Nash, Inc.,* 25 F.3d 187 (3rd Cir. 1994) (holding that there is "no basis for inflicting sanctions when there is a valid invocation of the Fifth Amendment").

The court must be able to balance the witness' constitutional right to invoke the privilege against the litigant's right to information. *Id.* Therefore, the proper invocation of the Fifth Amendment's prophylaxis against self-incrimination requires the asserting party to provide a foundation for the assertion of the privilege so that the court may determine whether the assertion is justified. Id. Specifically:

> The party asserting the privilege must supply such additional statements under oath and other evidence to the [court] in response to each question propounded so as to enable the [court] to reasonably identify the nature of the criminal charge for which [the witness] fears prosecution … and to discern a sound basis for the witness' reasonable fear of prosecution. *Industrial Indem*, 844 F.Supp. at 1377; citing *In re Morganroth*, 718 F.2d 161, 167 (6th Cir. 1983).

It is insufficient for a witness to make a blanket assertion of the privilege that gives the court no basis for determining whether invocation of the privilege is appropriate. *Industrial*

*Indem*, 844 F.Supp. at 1377.  Likewise, "[t]he privilege normally is not asserted properly by merely declaring that an answer will incriminate." *Baker*, 647 F.2d at 916; citing *Brunswick Corp. v. Doff*, 638 F.2d 108, 110 (9th Cir. 1981); *Hoffman v. U.S.*, 341 U.S. 479, 486, 71 S.Ct. 814 (1951) (holding that a "witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself -- his say-so does not of itself establish the hazard of incrimination").

*In Mertsching v. U.S.*, 704 F.2d 505 (10th Cir. 1983), a taxpayer brought an action for the refund of penalties assessed against him "for negligently or intentionally disregarding revenue rules and regulations in preparing tax returns."  During discovery, the defendant served a notice of deposition upon the plaintiff.  The plaintiff filed an objection to the deposition notice, ultimately prompting the defendant to file a motion to compel discovery.  After conducting a hearing, the court granted the motion to compel, ordering the plaintiff to appear and respond to questions during the deposition.  Despite the admonition, the plaintiff refused to answer any questions during the rescheduled deposition, citing his Fifth Amendment right against self-incrimination.  Consequently, the defendant moved to dismiss the suit for failure to comply with the court's discovery order, which the district court granted.  In affirming the dismissal, the Tenth Circuit Court of Appeals held: If a party fails to obey a court order to provide discovery, the court may dismiss the action.  FED.R.CIV.P. 37(b)(2)(C). … [The plaintiff] contends, inter alia, that the [statute under which he was assessed the tax penalties that his lawsuit seeks to recoup] is criminal in nature and that, therefore, the Fifth Amendment right against self-incrimination was available to insulate him from deposition.  The Supreme Court has held that the right against self-incrimination applies only in situations where a responsive answer to the

question or an explanation of why it cannot be answered would expose the claimant to prosecution for a federal crime. … However, the penalties set forth in [the statute under which the plaintiff was penalized] are civil, not criminal, penalties. … Accordingly, the Fifth Amendment was not properly invoked by [the plaintiff], and the district court did not abuse its discretion in dismissing the action.  *Id*. at 506-07; citing *Hoffman v. U.S.,* 341 U.S. 479, 71 S.Ct. 814 (1951).   See also *Baker v. Limber*, 647 F.2d 912, 916-19 (9th Cir. 1981) (affirming sanction of default judgment against defendant who disobeyed court's order by improperly invoking Fifth Amendment privilege and refusing to answer questions concerning the subject matter of the lawsuit).

Here most notably, Defendant Johnson is invoking the privilege, *and not a third party*, and an adverse inference is permissible C*haffin, Inc. v. Wallain*, 689 P.2d 684, 688–89 (Colo.Ct.App.1984) (holding adverse inference permissible in the face of defendants' repeated invocation of Fifth Amendment privilege in discovery responses).

Specifically, on March 19, 2024, after being sworn and stating his name for the record, Defendant Johnson refused to answer all but a few the hundreds of relevant questions propounded by the undersigned -- including queries that were purely foundational or otherwise innocuous.  Instead, following nearly every question, Defendant simply intoned the following phrase (or some synonymous variant thereof):  "On advice of Counsel, I'd like to invoke my Fifth Amendment privilege." Of which he did so on almost all occasions *See* [**Ex 1 Johnson Deposition Excerpts**]. Defendant, however, staunchly refused to identify, articulate, or explain any claimed nexus between the information being requested and the risk of criminal conviction.

Counsel for Defendant Johnson did not file a motion to quash the noticed deposition for Defendant Johnson **[DKT. # 156]**. As a result of his willful, non-compliance to submit for a property noticed deposition and answer questions concerning the subject matter of the instant lawsuit, Defendant has improperly deprived Harris of relevant, material information to which it is entitled under FED. R. CIV. P 26 and has significantly disrupted Harris's ability to orderly prepare for trial and motion practice.

## REQUESTED REMEDY AND STANDARD

The court in looking to see whether the requested remedy of an adverse inference is the proper remedy need look no further that the language of *Hughes Tool Co. v. Meier*, 489 F. Supp. 354, 363 (D. Utah 1977):

> The United States Supreme Court recently stated "the prevailing rule" in *Baxter v. Palmigiano*, 425 U.S. 308, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976), that "the Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them: the Amendment 'does not preclude the inference where the privilege is claimed by a party to a civil cause.' " Id. at 318, 96 S.Ct. at 1558, quoting 8 J. Wigmore, Evidence 439 (McNaughton rev. 1961) (emphasis in original).

To obtain any spoliation sanctions, an adverse party must first show that "(1) a party ha[d] a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington N. & Santa Fe Ry. Co. v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007). Here the information that is sought by Plaintiff Harris is held ***ONLY*** by Defendant Johnson. When Johnson avails himself to the Fifth Amendment privilege, he effectively cuts off any means or recourse of the Plaintiff from uncovering direct firsthand knowledge of communication between Defendants Jail Administrator McLain and Defendant Johnson and the other Defendant jailors in this case. Defendant Johnson is the link. Deprivation of

his testimony deprives Harris of that link. No other source is available. Hence Plaintiff, the adverse party, is prejudiced by the sequestration of the evidence.

With the decisional authorities set forth hereinabove, this Court should sanction Defendant Johnson by entering an order for and instruction for adverse inference against him on Harris's cause of action for his abuse that he suffered during his stay at the McCurtain County Jail. Any testimony he presumably would have given would have bolstered Harris's claims and diminished his and the Jail's defenses. Defendant Johnson should not be permitted to oppose Harris's claims or to support his defenses, and that an adverse inference shall be taken against Johnson with respect to all questions that he improperly refused to answer at his properly noticed deposition. See, e.g., *Young Sik Woo v. Glantz*, 99 F.R.D. 651 (D.R.I. 1983)

WHEREFORE, premises considered, Plaintiff Roper Harriss respectfully requests that this Court enter an order imposing a mandatory Adverse Inference instruction against Defendant Johnson that with respect to all questions that he refused to answer at his properly noticed deposition pursuant to FED. R. CIV. P 37(c)(1) and granting Plaintiff all other relief (whether legal, equitable, or both) to which Plaintiff may be entitled or that the Court deems just and proper.

Respectfully submitted:

CAMP LAW FIRM

By: /s/ Christopher L. Camp
Christopher L. Camp, OBA #18541
7122 South Sheridan Road, Suite #2-382
Tulsa, Oklahoma 74133
Telephone: (918) 200-4871
Facsimile: (918) 550-8337
E-mail: camplawfirm@gmail.com

and

/s/ D. Mitchell Garrett, Jr.
D. Mitchell Garrett, Jr., OBA# 20704
GARRETT LAW
320 South Boston Avenue, Suite 825-G
Tulsa, Oklahoma 74103
Telephone: (918) 221-6190
Facsimile: (918) 340-6799
E-mail: mitchell@garrett.legal

**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I hereby certify that on June 24, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Robert S. Lafferrandre, Esq.
Jessica L. Dark, Esq.
Sheila G. Jessee, Esq.
Jamison C. Whitson, Esq.
Howard T. Morrow, Esq.
Jordan L. Miller, Esq.
Jamison C. Whitson, Esq.
Chris J. Collins, Esq.
Scott B. Wood, Esq.
J. Mark McAlester, Esq.
Michael S. McMillin, Esq.

/s/ D. Mitchell Garrett

**D. Mitchell Garrett**