# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, | ) |
|       Plaintiff, | ) |
| v. | ) Case No. 22-cv-187-RAW-DES |
| McCURTAIN COUNTY JAIL TRUST; BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, OKLAHOMA; SCOTT McLAIN, individually and in his official capacity as McCurtain County Jail Administrator; KEVIN CLARDY, individually and in his official capacity as McCurtain County Sheriff; and RICHARD WILLIAMSON; ALICIA MANNING; BRANDON STANSBURY; JOE EBERT; and CODY JOHNSON; in their official and individual capacities, | ) |
|       Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant McCurtain County Jail Trust's ("Defendant" or "MCJT") Motion for Protective Order Over Portions of the 30(b)(6) Notice. (Docket No. 258). Plaintiff filed a Notice of Deposition Subpoena to Defendant McCurtain County Jail Trust, laying out 34 topics of examination pursuant to Fed. R. Civ. P. 30(b)(6). (Docket No. 244). On June 13, 2024, the parties conferred in good faith, pursuant to Fed. R. Civ. P. 30(b)(6) about the matters for examination and while some agreements were reached there remained two main issues: the timeframe for the topics of examination and the vague and confusing nature of Topic Nos. 33 at 34. (Docket No. 258).

Defendant alleges that Topics 7, 12, 13, 14, 15, 16, 17-19, 20, 21, 25, and 31 seek information without sufficient limits as to the date range. *Id.* at 2. Many of the topics do not specify the time period, which Defendant argues is seeking the information for an unlimited time period.

1

*Id.* Both parties agree that a time period starting from either January 1, 2014, or January 1, 2016, was contemplated, and seem to agree that the policies, procedures, practices, and customs of the McCurtain County Jail Trust are at issue in this 42 U.S.C. § 1983 action. The question is whether the starting point for the information should be in 2014 or 2016.

Defendant has not provided sufficient information as to why starting the time period on January 1, 2014, is overbroad but starting on January 1, 2016, is not. In contrast, Plaintiff has presented a sufficient reason why they are seeking information from 2014, which would include information regarding known instances where the same or similar allegations occurred. As Plaintiff has made a *Monell* claim, discovery of prior constitutional violation complaints or disciplinary records are relevant to his alleged violations. However, Plaintiff's argument that the date range of discovery should be extended to a year post the incident at issue is less persuasive. Plaintiff has not demonstrated that he suffered further injury following his alleged injuries on September 15, 2021, and has not identified why information a year after his allegations is relevant to his claims.

Based on the allegations made by Plaintiff in his First Amended Complaint, the relevant time frame for the topics of examination pursuant to Fed. R. Civ. P. 30(b)(6) should be January 1, 2014, to September 15, 2021. Furthermore, the Court agrees that Topics 33 and 34 are vague and ambiguous and do not lay out with reasonable particularity the information being sought. Accordingly, Topics 33 and 34 are stricken.

In accordance with the above, Defendant McCurtain County Jail Trust's Motion for Protective Order Over Portions of Plaintiff's 30(b)(6) Notice is GRANTED in part and DENIED in part. The timeframe for all topics of examination will be January 1, 2014, to September 15, 2021. Topics 33 and 34 will be stricken.

IT IS SO ORDERED this 25th day of June, 2024.

_____
D. Edward Snow
United States Magistrate Judge