IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-187-RAW-DES |
| ) | |
| McCURTAIN COUNTY JAIL TRUST; ) | |
| BOARD OF COUNTY COMMISSIONERS ) | |
| OF McCURTAIN COUNTY, OKLAHOMA; ) | |
| SCOTT McLAIN, individually and in his ) | |
| official capacity as McCurtain County Jail ) | |
| Administrator; KEVIN CLARDY, individually ) | |
| and in his official capacity as McCurtain County ) | |
| Sheriff; and RICHARD WILLIAMSON, ) | |
| ALICIA MANNING, BRANDON STANSBURY, ) | |
| JOE EBERT, and CODY JOHNSON, in their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff, Roper Harris' Motion to Compel the Production of Records from Defendant McCurtain County Jail Trust ("MCJT") (Docket No. 261) and Supplement thereto (Docket No. 282). On November 29, 2022, United States District Judge Ronald A. White referred this case to Magistrate Judge Kimberly E. West for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 40). On June 2, 2023, the Court Clerk reassigned the undersigned Magistrate Judge as the referral judge for this case. (Docket No. 72). For the reasons set forth below, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part.

I.   Background

Plaintiff's claims largely stem from two alleged assaults upon him after being brought to the McCurtain County Jail on September 15, 2021. Plaintiff alleges the first assault was committed

1

by two jailers, Defendants Joe Ebert and Brandon Stansbury, at the instruction of Defendant Scott McLain, the Administrator of the McCurtain County Jail. According to Plaintiff, Defendants Ebert and Stansbury used constitutionally unreasonable force by shooting him in the eye at close range with a JPX "pepper ball" gun without provocation, threat, or justification. (Docket No. 261 at 3).

Plaintiff alleges the second assault involved two inmates, Kolby Watson and Jordan Bryant, at the express direction of Defendant Scott McLain and three of his subordinates (Defendants Cody Johnson, Ebert, and Stansbury), all four of whom pre-planned, coordinated, and facilitated the violent attack. *Id.* Furthermore, Plaintiff alleges that after shooting him in the eye with the JPX gun and arranging his severe beatdown by two inmates, jail personnel failed to seek medical attention for Plaintiff despite his obvious injuries. *Id.* As such, Plaintiff filed this case alleging 42 U.S.C. § 1983 claims against MCJT and the above-named jail employees for use of excessive force in violation of the Fourteenth Amendment; deliberate indifference to the health and safety of a pretrial detainee in violation of the Fourteenth Amendment; deliberate indifference to the serious medical needs of a pretrial detainee in violation of the Fourteenth Amendment; and *Monell* liability against MCJT and the Board of County Commissioners of McCurtain County for the constitutional violations. *Id.* at 3-4.

Plaintiff served MCJT initial Requests for Production on April 29, 2024.[1] (Docket No. 261-1 at 15). While MCJT responded to the Requests for Production, Plaintiff alleges that MCJT refused to provide all of the records in its possession responsive to Request Nos. 7, 8, 9, 10, 12, 14, and 20. (Docket No. 261 at 5). On July 4, 2024, Plaintiff filed a Supplement to his Motion to Compel indicating that the deficiencies with Request Nos. 8, 12, and 20 had been resolved, leaving

---

[1] The deadline for Discovery was set for June 21, 2024. (Docket No. 242). Defendant points out that Plaintiff's Requests for Production came extremely late especially since Plaintiff's First Amended Complaint was filed on December 5, 2022. (Docket No. 284 at 3).

2

only Request Nos. 7, 9, 10, 11, and 14 to be resolved. (Docket No. 282). Plaintiff argues Request Nos. 7, 9, 10, and 11 remain deficient because MCJT has not supplemented these responses to state without equivocation that all responsive records have been produced. Rather, MCJT's response indicates that it continues to search for responsive documents. (Docket No. 282 at 2-4). Request for Production No. 14 requests MCJT's inmate grievances between January 1, 2014 to September 15, 2021. Plaintiff alleges that Defendant has failed to produce any inmate grievances between these time frames despite confirmation that they exist. *Id.* at 5. MCJT argues Plaintiff's request for the inmate grievances is overly broad as to the scope of the grievances being sought, not relevant to Plaintiff's claims, and unduly burdensome. (Docket No. 284 at 7-8).

A hearing was held on July 10, 2024, in which Plaintiff and MCJT made oral argument in support of their positions regarding the remaining discovery disputes. During this hearing both parties stipulated as to the appropriate time frame of the document production from January 1, 2014 to September 15, 2021. As such, the only issues left to resolve are the completeness of MCJT's responses and the relevance of the inmate grievances.

II. Analysis

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, discovery is permitted "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Information "is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Information need not be admissible at trial in order to be discoverable. Fed. R. Civ. P 26(b)(1). When a district court intervenes in discovery, "it has discretion in determining what the scope of discovery should be." *In re Cooper Tire & Rubber Co.,* 568 F.3d 1180, 1189 (10th Cir. 2009). District courts managing

discovery matters are subject to review only for abuse of discretion. *See Caves v. Beechcraft Corp.*, No. 15-CV-125-CVE-PJC, 2016 WL 355491, at *1 (N.D. Okla. Jan. 29, 2016).

### A. Completeness of MCJT's Responses

Plaintiff's request regarding Request Nos. 7, 9, 10, and 11 is simply to have MCJT give an affirmative response as to whether they have received all of the responsive documents in MCJT's possession. While both parties admit MCJT has provided responses to Request Nos. 7, 9, 10, and 11, MCJT's assertion that it "continues to make a diligent search and reasonable inquiry for additional documents responsive to this Request and will supplement this response accordingly" leaves Plaintiff without finality as to whether he has all responsive documents available. The Court agrees and has ordered Plaintiff to make the same affirmative statements that all responses have been provided to Defendants. (See Docket No. 218). Accordingly, Plaintiff's request that MCJT supplement its responses to Request Nos. 7, 9, 10 and 11 is granted. MCJT has thirty (30) days from the date of this Order to provide supplemental responses that indicate additional documents have been found or that no additional responsive documents have been found.

### B. Relevance of Inmate Grievances

MCJT asserts that all inmate grievances are not relevant to Plaintiff's claims, since Plaintiff alleges "an intentional conspiracy by Scott McLain, Cody Johnson, Joseph Ebert, and Brandon Stansbury to intentionally use excessive force on Plaintiff, arrange for him to be assaulted by other inmates, and then intentionally fail to provide medical care for him." (Docket No. 284 at 7). Thus, MCJT argued at the evidentiary hearing that the production of inmate grievances should be limited to only those grievances that also allege a series of similar intentional acts, the use of a JPX gun, or denial of medical care. Plaintiff counters this argument by noting that he has made a claim based on *Monell*, which requires Plaintiff to establish a pattern or policy of excessive force used within

4

the McCurtain County Jail. Plaintiff further argues that "evidence has emerged that jailers (including Defendant Ebert) were not documenting every use of force incident at the jail[;]" therefore, the "inmate grievances may be the only record that certain use of force incidents occurred." (Docket No. 261 at 13). MCJT contends that Plaintiff should not be given an unlimited opportunity to go fishing for any inmate grievance that will work to show an alleged pattern of excessive force. The Court agrees that Plaintiff's request for inmate grievances should not be unlimited; however, "discovery itself is designed to help define and clarify the issues" and "a request for discovery is relevant if there is any possibility that the information sought may be relevant to the claim or defense of any party." *Price v. Public Service Co. of Okla.*, No. 13-CV-514-GKF-FHM, 2014 WL 3962475, at *2 (N.D. Okla. Aug. 12, 2014) (quotation omitted). Accordingly, Plaintiff's request that the Court compel MTJT to produce inmate grievances between January 1, 2014 to September 15, 2021 is granted; however, the only grievances that need to be produced are: (1) grievances of physical harm to an inmate by jail personnel; (2) grievances of denial of medical treatment for an inmate who was physically harmed by jail personnel or another inmate or inmates; and (3) grievances regarding the use of a JPX pepper ball gun. Defendant has thirty (30) days from the date of this Order to provide the applicable grievances or an affirmative response that no responsive documents were found.

  Plaintiff's request for attorney's fees under Fed. R. Civ. P. 37(a)(5)(A) is denied; however, Plaintiff's time to respond to MCJT's Motion for Summary Judgment will be extended to ten (10) days after receiving MCJT's supplemental responses ordered above.

  IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel (Docket No. 261) is GRANTED in part and DENIED in part as more fully set forth herein. Defendant shall comply with the production required by this Order no later than August 12, 2024.

IT IS SO ORDERED this 12th day of July, 2024.

_____
D. Edward Snow
United States Magistrate Judge