## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, )<br><br>Plaintiff, )<br><br>v. )<br><br>McCURTAIN COUNTY JAIL TRUST; )<br>BOARD OF COUNTY COMMISSIONERS )<br>OF McCURTAIN COUNTY, OKLAHOMA; )<br>SCOTT McLAIN, individually and in his )<br>official capacity as McCurtain County Jail )<br>Administrator; KEVIN CLARDY, individually )<br>and in his official capacity as McCurtain County )<br>Sheriff; and RICHARD WILLIAMSON, )<br>ALICIA MANNING, BRANDON STANSBURY, )<br>JOE EBERT, and CODY JOHNSON, in their )<br>official and individual capacities, )<br><br>Defendants. ) | Case No. 22-cv-187-RAW-DES |

## OPINION AND ORDER

This matter comes before the Court on Defendants Scott McLain, Joe Ebert, and Brandon Stansbury's Motion to Stay Civil Action Pending Completion of Related Criminal Investigation (Docket No. 273) and Defendant Cody Johnson's substantively identical Motion to Stay (Docket No. 274).  On November 29, 2022, United States District Judge Ronald A. White referred this case to Magistrate Judge Kimberly E. West for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 40). On June 2, 2023, the Court Clerk reassigned the undersigned Magistrate Judge as the referral judge for this case.  (Docket No. 72). For the reasons set forth below, Defendants McLain, Ebert, Stansbury, and Johnson's Motions to Stay are hereby DENIED.

I.      Background

This case arises out of the arrest and detention of Plaintiff, Roper Harris, in the McCurtain County Jail on or about September 15-16, 2021. While detained and in the care and custody of Defendants McLain, Ebert, Stansbury, and Johnson (herein after "Defendants"), Plaintiff alleges he was assaulted in violation of the Fourteenth Amendment. Accordingly, Plaintiff's lawsuit asserts claims against Defendants for alleged violation of his federal constitutional rights under 42 U.S.C. § 1983. In the early stage of discovery in this case, on July 19, 2023, each of the individual Defendants moved for a stay of discovery after learning that the FBI had an open investigation into one or more of the individual Defendants relating to the allegations alleged in this case. (*See* Docket Nos. 92 and 95). At that time, the Court granted the Motions and ordered a stay of depositions for all Defendants until September 18, 2023, so as to protect the Defendants' Fifth Amendment privilege against self-incrimination and their ability to defend themselves in the civil matter. (Docket No. 97). The stay was later extended until November 17, 2023. (Docket No. 111). During this stay, Gary James, acting legal counsel for the McCurtain County Sheriff's Office, attempted to discuss the investigation with Rob Wallace, Assistant U.S. Attorney for the Eastern District of Oklahoma. Mr. Wallace informed Mr. James that his office would not divulge information pertaining to any investigations. (Docket No. 273 at 2). Nothing developed as a result any FBI investigation and discovery continued, including depositions of all the individual Defendants. The deadline for discovery concluded on May 29, 2024.

On June 27, 2024, Defendants Ebert, Stansbury, and Johnson were served by the FBI with target letters from the U.S. Attorney for the Eastern District of Oklahoma, Christopher J. Wilson, stating that they were under investigation for allegations of abuse at the McCurtain County Jail. (Docket Nos. 273 and 274 at Exhibit 1). Defendant McLain was not served with a target letter,

however, counsel for Defendant McLain anticipates that the FBI will send out more target letters. (Docket No. 273 at 2). Based on the received target letters and the possibility of more, Defendants filed the Motions to Stay this civil action pending the completion of the criminal investigation.

II.     Analysis

"The Constitution does not generally require a stay of civil proceedings pending the outcome of criminal proceedings, absent substantial prejudice to a party's rights. When deciding whether the interests of justice seem to require a stay, the court must consider the extent to which a party's Fifth Amendment rights are implicated." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (citations omitted). In determining whether a stay should be entered, several courts have employed a six-factor test in which they weigh: (1) the extent to which issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendant has been indicted; (3) the private interests of the plaintiff in proceeding expeditiously versus the prejudice to plaintiff caused by the delay; (4) the private interests of, and burden on, the defendant; (5) the interests of the Court; and (6) the public's interest. *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236–37 (N.D. Okla. 2003). *See also In re Worldcom, Inc. Securities Litigation,* Nos. 02 Civ. 3288(DLC) and 02 Civ. 4816(DLC), 2002 WL 31729501, at *3–4 (S.D.N.Y. Dec. 5, 2002)*; S.E.C. v. Gordon,* No. 09-CV-0061-CVE-FHM, 2009 WL 2252119, at *4 (N.D. Okla. July 28, 2009); *AIG Life Ins. Co. v. Phillips*, No. 07–cv–00500–PSF–MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007); *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05–CV–605 TS, 2006 WL 2471524, at * 1 (D. Utah Aug. 24, 2006).

The first factor weighs in favor of Defendants. The parties all seem to agree that the criminal investigation at issue concerns the same alleged facts and allegations as the underlying

civil case. There is significant legal authority in the Tenth Circuit and in the Oklahoma District Courts that support a stay where there is an overlap of the civil and criminal cases. "The extent of overlap is the most important factor in ruling on a motion to stay." *Gordon*, 2009 WL 2252119, at *4 (quotation omitted).  *See also United States v. Arnold*, No. CIV-07-753-C, 2008 WL 2037270, at *1 (W.D. Okla. May 8, 2008) ("The strongest case for the Court to grant a stay is when a party under criminal indictment is required to defend a civil proceeding involving the same matter.") (quotation omitted)). The remaining factors, however, weigh heavily against granting the requested stay.

With respect to the second factor, "[a] stay is more likely warranted if an indictment has already been issued because (1) the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued, and (2) the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations." *Phillips*, 2007 WL 2116383, at *2 (internal quotation marks and citation omitted). Courts have generally declined to impose a stay in the civil proceedings where a defendant is under criminal investigation but has not yet been indicted. *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. at 1237 (citations omitted).

In this case, only three Defendants have been given target letters noting they are under investigation. As far as the Court is aware, no other individual Defendants have received target letters despite defense counsel's assertion that "more target letters are anticipated." (Docket No. 273 at 2). An exception might be made where "criminal charges appear imminent." *Phillips*, 2007 WL 2116383, at *2.; *see also D.S. v. Geo Group Inc*., No. 15-0774 RB/KBM, 2017 WL 3588793, at *1 (D.N.M. March 2, 2017) (United States Department of Justice issued a target letter and "reported that [it] intended to take action against [the defendant] within the following six months");

*Chand v. Corizon Med.*, No. 15-967 WJ/KRS, 2018 WL 3935038, at *1 (D.N.M. Aug. 16, 2018) ("According to quarterly status reports filed with the Court, the DOJ investigation is still ongoing and active."). In the instant case, however, claims of an FBI investigation date back over year and while some target letters have been received, this does not persuade the Court that criminal charges are "imminent." Therefore, the second factor weighs against a stay.

The third factor considers a plaintiff's interest in proceeding expeditiously and any prejudice a delay would cause. Plaintiff argues that a stay in this case would prejudice only one party, himself. (Docket No. 294 at 3). Despite only three Defendants receiving target letters, Defendants are requesting a stay of the entire case for an indefinite period which would continue to deny the Plaintiff his day in court to seek redress for Defendants' alleged actions. (*Id.* at 4). There is no deadline prescribed or requested by Defendants in relation to their requested stay, other than until "the resolution of the parallel criminal proceedings against the Defendants." (Docket No. 273 at 12). As noted above, there are no pending criminal proceedings against the Defendants, there is simply an investigation at this time. Conversely, discovery is complete in the underlying action and the case is moving towards a conclusion; to stop the momentum of progress at this stage in the litigation would be prejudicial to the Plaintiff and the non-targeted Defendants.

These same considerations bear on the fifth and sixth factors: the interest of the courts and the public. Like Plaintiff, the courts and the public have an interest in bringing cases to a speedy resolution. This interest would be undermined by delaying resolution of the civil case until a yet-to-be-filed (and possibly never-to-be-filed) criminal case is resolved.

The fourth factor considers Defendants' interest and burdens with proceeding. Defendants argue that if they are made to "participate in this case simultaneously with the pending criminal investigation. . . . [it] would make it more likely that they would lose the civil case and that the

criminal proceedings would become tainted." (Docket No. 273 at 10). Defendants fail to show the Court what additional participation is required of them. There is currently no trial date set and discovery has closed. All Defendants have been deposed in this case and have asserted their Fifth Amendment rights where appropriate. (Docket No. 294 at 2). The assertion of their Fifth Amendment rights was done prior to the issuance or receipt of the target letters; however, Defendants still argue that without a stay, they are faced with the "Hobbesian dilemma . . . of having to forego their right against self-incrimination under the United States Constitution in order to meaningfully participate in the defense of this civil litigation." (Docket No. 273 at 8-9). The record simply does not support this. Additionally, if Defendants are worried about a possible negative inference that might be drawn from exercising their Fifth Amendment right, courts have noted a variety of less dramatic methods in lieu of a stay including sealing answers to depositions and imposing protective orders. *In re CFS-Related Sec. Fraud Litig.*, 256 F. Supp. 2d at 1240. If Defendants should seek more moderate measures to safeguard their interests, the Court stands ready to address such requests upon the filing of a motion.

III.     Conclusion

Accordingly, after a fact-specific examination of the six-factor test courts use when determining whether to stay a case, the Court finds that although there seems to be an overlap of the issues present in the criminal investigation and this civil case, there are no other factors that support a stay. IT IS THEREFORE ORDERED that Defendants Scott McLain, Joe Ebert, and Brandon Stansbury's Motion to Stay Civil Action Pending Completion of Related Criminal Investigation (Docket No. 273) and Defendant Cody Johnson's Motion to Stay Civil Action Pending Completion of Related Criminal Investigation (Docket No. 274) are DENIED. Defendants have until July 24, 2024, to file their Motions for Summary Judgment.

IT IS SO ORDERED this 17th day of July, 2024.

_____
D. Edward Snow
United States Magistrate Judge