IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-187-DES |
| ) | |
| McCURTAIN COUNTY JAIL TRUST; ) | |
| BOARD OF COUNTY COMMISIONERS ) | |
| OF McCURTAIN COUNTY, OKLAHOMA; ) | |
| SCOTT McLAIN, individually and in his ) | |
| official capacity as McCurtain County Jail ) | |
| Administrator; KEVIN CLARDY, individually ) | |
| and in his official capacity as McCurtain County ) | |
| Sheriff; and RICHARD WILLIAMSON, ) | |
| ALICIA MANNING, BRANDON STANSBURY, ) | |
| JOE EBERT, and CODY JOHNSON, in their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Opposed Motion to file a Response to Defendant Scott McLain's Motion for Summary Judgment Out of Time. (Docket No. 363). On August 12, 2024, this Court held a Status Conference regarding the change in representation of Defendant Scott McLain (Defendant McLain). During this Status Conference, the undersigned Magistrate Judge set a unique date for the dispositive motion deadline for Defendant Scott McLain. A Minute Order followed this Status Conference which indicated Defendant McLain's Motion for Summary Judgment was due on September 26, 2024. (Docket No. 321). On September 26, 2024, Defendant McLain filed his Motion for Summary Judgment. (Docket No. 343). Pursuant to Local Court Rule 7.1(d), Plaintiff had fourteen (14) days, or until October 10, 2024, to file his Response. This Response deadline was specifically noted on the docket entry accompanying Defendant McLain's Motion for Summary Judgment. *Id.* On October 16, 2024, Defendant McLain filed a

1

Motion to Deem Confessed his Motion for Summary Judgment. (Docket No. 360). In this Motion, Defendant McLain notes that he filed his Motion for Summary Judgment ("MSJ") on the deadline set by the Court. Despite the clear deadline indicated on the CM/ECF notice, Plaintiff did not file his Response to Defendant McLain's Motion for Summary Judgment. On October 16, 2024, Plaintiff filed the present Motion requesting additional time to Respond to Defendant McLain's MSJ. For the reasons set forth below, Plaintiff's Motion to file a Response to Defendant Scott McLain's Motion for Summary Judgment Out of Time is DENIED.

   Fed. R. Civ. P. 6(b)(1)(B), provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." For a court to find excusable neglect, the party must show: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC,* 847 F.3d 1247, 1253 (10th Cir. 2017) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

   In his Motion to File Out of Time, Plaintiff indicates that he "missed the filing and would have requested additional time to answer it had they been aware." (Docket No. 363 at 2). It is baffling to the Court how Plaintiff can argue he was unaware that Defendant McLain filed his MSJ. First, Plaintiff's counsel was aware of Defendant McLain's deadline to file his MSJ as both of Plaintiff's counsel were present at the Status Conference where the deadline was set. Plaintiff's counsel also receives CM/ECF notices via email of all filings in this case; therefore, they received notice of the Minute Order following the Status Conference in which the deadline for Defendant

McLain to file his MSJ is reiterated. Finally, on the day Defendant McLain filed his MSJ, which specifically stated Plaintiff's Response was due October 10, 2024, Defendant McLain also filed exhibits comprising ten (10) additional docket entries, all of which were sent as a notice of filing to Plaintiff's counsel via email. It seems incredible that Plaintiff could have simply missed this filing.

Moreover, if this was the only instance where Plaintiff's counsel has had to rely on a Motion for Extension of Time, the Court might be a little more lenient. However, over the course of this case, Plaintiff has filed twelve (12) Motions for Extension of Time to respond to various Motions,[1] of which seven (7) were specifically Motions for Extension of Time to Respond to MSJs. (Docket Nos. 38, 64, 267, 326, 328, 329, 330, 332, 337, 358, 362, 363). Because of the excessive number of Motions for Extensions of Time, on September 18, 2024, in response to Plaintiff's Motions for Leave to File Responses to Defendant McCurtain County Jail Trust, Defendant Ebert, and Defendant Stansbury's Motions for Summary Judgment out of time, the Court granted Plaintiff's request via minute order and specifically stated that "[n]o additional extensions of time will be given without an extraordinary showing of good cause." (Docket No. 339).

Plaintiff's present request for additional time to respond to Defendant McLain's MSJ does not show good cause for the missed deadline. Because Plaintiff's Motion for Extension of Time was filed after the deadline to respond had already expired, Plaintiff argues the missed filing deadline is excusable neglect. As noted above, the reason for the delay and whether it was within counsel's reasonable control is the most important factor to consider when finding excusable neglect. *Perez,* 847 F.3d at 1253 (citing *Torres*, 372 F.3d at 1163 (10th Cir. 2004). As support for

---

[1] In the spirit of fairness, the Court notes that Defendants have also filed a total of thirteen (13) Motions to Extend Time to File various motions between all of them, a majority of which requested additional time to file their MSJs. (Docket Nos. 135, 232, 251, 254, 255, 275, 276, 298, 299, 308, 310, 355, 356).

his excusable neglect argument, Plaintiff relies on *Estate of Anderson v. Denny's Inc.,* 291 F.D.R. 622 (D.N.M. 2013). (Docket No. 363 at 2). In that case, the Court granted an extension of time, acknowledging that "inadvertence or ignorance of the rules is not excusable neglect," but noting that counsel's "explanation provides some rationale for his failure to respond." *Est. of Anderson,* 291 F.R.D at 635. In this case, Plaintiff's entire explanation for his failure to respond to Defendant McLain's MSJ is simply that he "missed the filing." (Docket No. 363 at 2). As indicated above, the Court cannot find a legitimate rationale to simply miss a Motion for Summary Judgment based on the numerous ways Plaintiff's counsel was on notice of both the filing itself and the response deadline. The Court told Plaintiff there would be no additional extensions of time without an extraordinary showing of good cause. Plaintiff cannot continue to ignore deadlines and rely on the leniency of this Court to request additional time after the deadline has passed. Enough is enough.

Under Fed. R. Civ. P. 6(b)(1)(B) the Court has great discretion in extending or denying additional time to respond. *See Babakr v. Fowles,* 2024 WL 1479693, at *4 (10th Cir. Apr. 5, 2024) ("Under Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late filing . . ."). Here, Plaintiff has not shown good cause or excusable neglect to warrant an extension of time. The Court, in good conscious and fairness, cannot accept Plaintiff's Response out of time.

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion to file a Response to Defendant Scott McLain's Motion for Summary Judgment Out of Time (Docket No. 363) is DENIED.

DATED this 18th day of October, 2024.

_____
D. Edward Snow
United States Magistrate Judge