IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 22-cv-187-DES |
| ) | |
| McCURTAIN COUNTY JAIL TRUST; ) | |
| BOARD OF COUNTY COMMISIONERS ) | |
| OF McCURTAIN COUNTY, OKLAHOMA; ) | |
| SCOTT McLAIN, individually and in his ) | |
| official capacity as McCurtain County Jail ) | |
| Administrator; KEVIN CLARDY, individually ) | |
| and in his official capacity as McCurtain County ) | |
| Sheriff; and RICHARD WILLIAMSON, ) | |
| ALICIA MANNING, BRANDON STANSBURY, ) | |
| JOE EBERT, and CODY JOHNSON, in their ) | |
| official and individual capacities, ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Opposed Motion to file a Response to Defendants' Motion to Strike Documents Out of Time. (Docket No. 362). On September 27, 2024, Defendants jointly filed a Motion to Strike the Exhibits to Plaintiff's Response to all Motions for Summary Judgment ("MSJ"), specifically document numbers 336-8 (Affidavit of Chelsea Fuller) and 336-11 (Affidavit of Roper Harris). (Docket No. 354). Defendants argue the affidavits should be stricken as they are sham affidavits and that the statement of Cheslea Fuller was not timely produced in discovery pursuant to Fed. R. Civ. P. 26 and 37, was not sworn to, and is inadmissible as evidence to oppose summary judgment. (Docket No. 354). Plaintiff had until October 11, 2024, to respond to Defendants' Motion to Strike. However, on October 11, 2024, Plaintiff filed an Unopposed Motion for Extension of Time to Respond to the Motion to Strike. (Docket No. 358). In his request for additional time, Plaintiff indicated his counsel and counsel for the Defendants

1

had been engaged in multiple depositions that week in another Federal case involving McCurtain County. *Id.* at 2. Because of this, Plaintiff requested until October 15, 2024, to file his Response to the Motion to Strike. *Id.* Plaintiff's request was granted on October 11, 2024, via minute order. (Docket No. 359). Thus, Plaintiff's Response to the Motion to Strike was due October 15, 2024. *Id.* On October 16, 2024, Defendants filed their Joint Motion to Deem Confessed their Motion to Strike Exhibits. (Docker No. 361). In response, Plaintiff filed the present Motion the same day. For the reasons set forth below, Plaintiff's Motion to file a Response to Defendants' Motion to Strike Documents Out of Time is DENIED.

Fed. R. Civ. P. 6(b)(1)(B), provides that "the court may, for good cause," extend a deadline after it has expired "if the party failed to act because of excusable neglect." Plaintiff claims that his counsel has been focused on achieving service in another case where an extraordinary motion pleading was necessary. (Docket No. 362 at 2). For a Court to find excusable neglect, the party must show: (1) the risk of prejudice to the other side; (2) the length of the delay and the potential impact on judicial proceedings; (3) the reason for the delay and whether it was within counsel's reasonable control; and (4) whether counsel acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd. P'ship*, 507 U.S. 380, 395 (1993). "The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect." *Perez v. El Tequila, LLC,* 847 F.3d 1247, 1253 (10th Cir. 2017) (citing *United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004)).

In looking at the reason Plaintiff gives for the delay and whether it is within counsel's reasonable control, the Court does not see how counsel's need for service in another case justifies not filing a Response in the present case. This is particularly so since the Plaintiff in the other case has until November 4, 2024, to complete service. (*See* 24-cv-229-GLJ, *Whitten v. McCurtain*

2

*County Jail Trust, et al.,* Docket No. 13). Furthermore, if Plaintiff needed more time to complete and file his Response, he could have asked for it in his first Motion for Extension of Time to Respond, or he could have filed a second Motion for Extension of Time to Respond. Plaintiff himself set the October 15, 2024, deadline seemingly based on his counsel's workload and schedule. To miss the deadline he set himself, only to then claim it was because his counsel was focused on achieving service in another case is not excusable neglect. Plaintiff's counsel clearly knew of the need to respond, but simply disregarded the deadline. "Where counsel did not even move for an extension of time, his busy workload does not establish excusable neglect." *Stringfellow v. Brown,* 105 F.3d 670, 1997 WL 8856, at *2 (10th Cir. 1997) (unpublished table decision).

If this was the only instance where Plaintiff's counsel has had to rely on a Motion for Extension of Time, the Court might be a little more lenient. However, over the course of this case, Plaintiff has filed twelve (12) Motions for Extension of Time to respond to various Motions.[1] (Docket Nos. 38, 64, 267, 326, 328, 329, 330, 332, 337, 358, 362, 363). Because of the excessive number of Motions for Extensions of Time, on September 18, 2024, in response to Plaintiff's Motions for Leave to File Responses to Defendant McCurtain County Jail Trust, Defendant Ebert, and Defendant Stansbury's Motions for Summary Judgment out of time, the Court granted Plaintiff's request via minute order and specifically stated that "[n]o additional extensions of time will be given without an extraordinary showing of good cause." (Docket No. 339).

Plaintiff's present request for additional time to respond to Defendants' Motion to Strike does not show good cause for the missed deadline. Furthermore, Plaintiff has failed to establish

---

[1] In the spirit of fairness, the Court notes that Defendants have also filed a total of thirteen (13) Motions to Extend Time to File various motions between all of them, a majority of which requested additional time to file their MSJs. (Docket Nos. 135, 232, 251, 254, 255, 275, 276, 298, 299, 308, 310, 355, 356).

3

excusable neglect. The Court has told Plaintiff there would be no additional extensions of time without an extraordinary showing of good cause. Plaintiff cannot continue to ignore deadlines and rely on the leniency of this Court to request additional time after the deadline has passed.

Under Fed. R. Civ. P. 6(b)(1)(B) the Court has great discretion in extending or denying additional time to respond. *See Babakr v. Fowles,* 2024 WL 1479693, at *4 (10th Cir. Apr. 5, 2024) ("Under Fed. R. Civ. P. 6(b)(1)(B), a district court has discretion to accept a party's late filing . . ."). Here, the Plaintiff has not shown good cause or excusable neglect to warrant an extension of time. Because Plaintiff has given no other basis for his failure to respond apart from counsel's workload, the Court cannot accept Plaintiff's Response out of time.

IT IS THEREFORE ORDERED that Plaintiff's Opposed Motion to file a Response to Defendants Motion to Strike Documents Out of Time (Docket No. 362) is hereby DENIED.

DATED this 21st day of October, 2024.

_____
D. Edward Snow
United States Magistrate Judge