# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, | ) |
|               Plaintiff, | ) |
| v. | ) Case No. 22-cv-187-RAW-DES |
| McCURTAIN COUNTY JAIL TRUST; BOARD OF COUNTY COMMISSIONERS OF McCURTAIN COUNTY, OKLAHOMA; SCOTT McLAIN, individually and in his official capacity as McCurtain County Jail Administrator; KEVIN CLARDY, individually and in his official capacity as McCurtain County Sheriff; and RICHARD WILLIAMSON, ALICIA MANNING, BRANDON STANSBURY, JOE EBERT, and CODY JOHNSON, in their official and individual capacities, | ) |
|               Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff, Roper Harris' Renewed Motion for Adverse Inference Sanction. (Docket No. 381). On November 29, 2022, United States District Judge Ronald A. White referred this case to Magistrate Judge Kimberly E. West for all pretrial and discovery matters, including dispositive motions, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72. (Docket No. 40). On June 2, 2023, the Court Clerk reassigned the undersigned Magistrate Judge as the referral judge for this case. (Docket No. 72). For the reasons set forth below, Plaintiff's Motion is DENIED.

    I.    Background

Plaintiff's claims largely stem from two alleged assaults upon him after being brought to the McCurtain County Jail on September 15, 2021. Plaintiff alleges the first assault was committed by two jailers, Defendants Joe Ebert and Brandon Stansbury, at the instruction of Defendant Scott

1

McLain,[1] the Administrator of the McCurtain County Jail. According to Plaintiff, Defendants Ebert and Stansbury used constitutionally unreasonable force by shooting him in the eye at close range with a JPX "pepper ball" gun without provocation, threat, or justification. (Docket No. 261 at 3).

Plaintiff alleges the second assault involved two inmates, Kolby Watson and Jordan Bryant, at the express direction of Defendant Scott McLain and three of his subordinates (Defendants Cody Johnson, Ebert, and Stansbury), all four of whom pre-planned, coordinated, and facilitated the violent attack. *Id.* Furthermore, Plaintiff alleges that after shooting him in the eye with the JPX gun and arranging his severe beatdown by two inmates, jail personnel failed to seek medical attention for Plaintiff despite his obvious injuries. *Id.* As such, Plaintiff filed this case alleging 42 U.S.C. § 1983 claims against the McCurtain County Jail Trust ("MCJT") and the above-named jail employees for use of excessive force in violation of the Fourteenth Amendment; deliberate indifference to the health and safety of a pretrial detainee in violation of the Fourteenth Amendment; deliberate indifference to the serious medical needs of a pretrial detainee in violation of the Fourteenth Amendment; and *Monell* liability against MCJT and the Board of County Commissioners of McCurtain County for the constitutional violations. *Id.* at 3-4.

On June 24, 2024, Plaintiff filed his initial Motion for Sanctions and Adverse Inference, which sought an adverse inference with respect to the questions that Defendant Cody Johnson refused to answer on Fifth Amendment grounds during his March 19, 2024, deposition. (Docket No. 269). In this original Motion, Plaintiff argued that during his deposition, Defendant Johnson "refused to answer all but a few [sic] the hundreds of relevant questions propounded by the undersigned" and instead "following nearly every question, Defendant simply intoned the

---

[1] On October 31, 2024, Plaintiff filed a Joint Stipulation of Dismissal, dismissing all claims against Scott McLain. (Docket No. 379).

following phrase (or some synonymous variant thereof): 'On advice of Counsel, I'd like to invoke my Fifth Amendment privilege.'" *Id.* at 5. Based on this, Plaintiff argued Defendant Johnson "improperly deprived [Plaintiff] of relevant, material information to which it is entitled under FED. R. CIV. P[.] 26 and has significantly disrupted Harris's ability to orderly prepare for trial and motion practice." *Id.* at 6. In his response, Defendant Johnson argued Plaintiff's request was premature at that stage of the proceeding (no pending dispositive motions or trial set) and Plaintiff had alternative avenues to obtain the evidence and testimony in questions but failed to do so. (Docket No. 292). The Court agreed with Defendant's argument and denied Plaintiff's Motion for Sanctions on July 12, 2024. (Docket No. 296).

Now, Plaintiff renews his Motion for Adverse Inference Sanctions arguing, "there are now three (3) summary judgment motions pending[2] that raise the issues about which Johnson was questioned" and asks the Court to: 1) enter an order imposing "adverse inference" sanctions against Defendant Johnson with respect to all questions that Johnson refused to answer when deposed, and/or 2) apply the mandate that all justifiable inferences … be drawn in Plaintiff's favor when ruling on the pending summary judgment motions by drawing an adverse inference against Johnson and his co-Defendants with respect to each of the questions that Johnson refused to answer when deposed. (Docket No. 381 at 1). For the reasons set forth below, Plaintiff's Motion is denied.

II. Analysis

    A. Adverse Inference Sanction against Defendant Johnson

Under Fed. R. Civ. P. 56(a), summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a

---

[2] As of the date of this Order, the pending Motions are Defendant Ebert's Motion for Summary Judgment (Docket No. 322); Defendant Stansbury's Motion for Summary Judgment (Docket No. 323); and Defendant McCurtain County Jail Trust's Motion for Summary Judgment (Docket No. 277). A Report and Recommendation was entered on Defendant Johnson's Motion for Summary Judgment on February 4, 2025. (Docket No. 402).

matter of law. A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact, and the Court draws all reasonable inferences in favor of the nonmovant. *Georgelas v. Desert Hill Ventures, Inc.*, 45 F.4th 1193, 1197 (10th Cir. 2022). The nonmovant **must** then make a showing sufficient to establish an inference of the existence of each element essential to his case. *Bolden v. PRC, In*c., 43 F.3d 545, 548 (10th Cir. 1994) (emphasis added). "If a party that would bear the burden of persuasion at trial does not come forward with sufficient evidence on an essential element of its prima facie case, all issues concerning all other elements of the claim and any defenses become immaterial," and the moving party is entitled to summary judgment. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Plaintiff requests this Court "draw a negative inference regarding the specific questions Johnson did not answer [based on his invocation of his Fifth Amendment right]" when ruling on the pending Motions for Summary Judgment. (Docket No. 381 at 4). Following this request, Plaintiff goes on to cite authority to remind this Court that "'in ruling on summary judgment … all justifiable inferences are to be drawn in [Plaintiff Roper Harris'] favor.' *Mueller v. Swift*, 2017 WL 2362137 *4 (D.Colo.); citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)." (Docket No. 381 at 4). The Court is well aware of its responsibility and the standards to apply when reviewing motions for summary judgment and does not need to issue an order or sanction to fulfill its duty.[3] The undersigned Magistrate Judge, along with the District Judge will always consider

---

[3] Plaintiff's argument for this Court to draw an adverse inference from Defendant Johnson's invocation of his Fifth Amendment right during specific questions in his deposition would have been more persuasive in a Response to Defendant Johnson's Motion for Summary Judgment. (Docket No. 324). However, Plaintiff failed to sufficiently respond to Defendant Johnson's Motion for Summary Judgment, failing to address any of the undisputed facts put forth by Defendant Johnson, and failing to address multiple arguments made by Defendant Johnson in support for his claim of qualified immunity. (See Docket No. 335). Accordingly, the undersigned Magistrate Judge Recommended Defendant Johnson's Motion for Summary Judgment be granted. (Docket No. 402).

the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Sylvia v. Wisler*, 875 F.3d 1307, 1328 (10th Cir. 2017). Accordingly, Plaintiff's request to enter an order for adverse inference sanction against Defendant Johnson is DENIED.

B. Adverse Inference against Defendant Johnson's Co-Defendants

Plaintiff further requests that the Court draw an adverse inference against Defendant Johnson's Co-Defendants based on Defendant Johnson's invocation of the Fifth Amendment. (Docket No. 381 at 9). Defendant relies on nonbinding outside jurisdiction precedent to support his argument, including *LiButti v. U.S,* 107 F.3d 110, 122 (2nd Cir. 1997) which developed "a factorial test to determine whether imputation of an adverse inference **from a non-party to a party** is warranted." *Williams v. Kohl's Dept. Stores, Inc.*, Case No. EDCV 19-397 JGB (SHKx), 2020 WL 3882953, at *20 (C.D.Cal. Jun. 16, 2020) (emphasis added) (unublished). While Plaintiff has not provided sufficient authority to show that the *LiButti* factors should be applied to decide whether imputation of adverse inference from one defendant to a co-defendant is warranted, the Court recognizes that many Courts have used the factors in *LiButti* to resolve such an issue. However, the Court does not believe it is necessary.

This District has previously been asked to apply an adverse inference against a party when a co-defendant invoked their Fifth Amendment privilege. District Judge Eric F. Melgren determined: (1) the "authorities which recognize the use of adverse inference in evaluating summary judgment pleadings hold that such determinations cannot be rendered on adverse inferences alone" and (2) "those authorities recognize an adverse inference against the party invoking the protection" **not the Defendant who did not.** *Harden v. B.J. Hedgecock*, Case No.

19-00379-EFM, 2022 WL 4585519, at *7 (E.D. Okla. Sept. 29, 2022) (emphasis added) (unpublished). In *Harden,* Judge Melgren declined to extend an adverse inference to a party who did not plead the Fifth Amendment and did not make his decision based on the *LiButti* factors. *Id.* While Plaintiff cites to other courts within this District who have applied the *LiButti* factors, those cases involved the refusal of **non-party witnesses** to answer questions in a deposition and not, as argued here, a defendant's refusal being binding on co-defendants. *See Emerson v. Wembley USA, Inc.,* 433 F.Supp. 2d 1200, 1212-13 (D.Colo. 2006) and *In re Urethane Antitrust Litigation,* No. 04-1616-JWL, 2013 WL 100250, at *1-3 (D.Kan. Jan. 8, 2013). The Court does not find Plaintiff has presented sufficient evidence to show that this case justifies the imputation of an adverse inference upon all Defendants based on Defendant Johnson's invocation of the Fifth Amendment in his deposition. All remaining Defendants were deposed and did not invoke their Fifth Amendment rights (Docket No. 391 at 2) and Plaintiff "had other sources of information aside from Defendant Johnson's deposition testimony for the vast majority of the deposition questions" including "thousands of pages of discovery materials as well as the depositions of 17 individuals, including 4 party defendants." (Docket No. 390 at 8). To grant an adverse inference against all defendants for one defendant's decision to invoke his Fifth Amendment right would be unjust and does not advance the pursuit of truth. *Emerson,* 433 F. Supp. at 1213-14. Accordingly, Plaintiff's motion for an adverse inference sanction against Defendant Johnson's Co-Defendants is DENIED.

III.     Conclusion

The Court, when reviewing Motions for Summary Judgment, will always consider the evidence and all reasonable inferences from the evidence in the light most favorable to the nonmoving party as it is required to do; however, Plaintiff's motion for an adverse inference

sanction against Defendant Johnson and his Co-Defendants with respect to each of the questions that Defendant Johnson refused to answer when deposed is DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Renewed Motion for Adverse Inference Sanction (Docket No. 381) is DENIED as more fully set forth herein.

IT IS SO ORDERED this 28th day of February, 2025.

_____
D. Edward Snow
United States Magistrate Judge