IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>MCURTAIN COUNTY JAIL TRUST ET AL.,<br><br>*Defendants*. | Case No. CIV-22-187-RAW-DES |

# ORDER

Before the Court is the Plaintiff's Partial Objection to the Report and Recommendation of Magistrate Judge Snow. [Dkt. No. 403]. Magistrate Judge Snow recommended that Defendant Cody Johnson's Motion for Summary Judgment [Dkt. No.324] be Granted in part and Denied as Moot in part. Plaintiff timely objected to the portion of the Report finding that Defendant Cody Johnson's Motion for Summary Judgment should be granted in part. For the foregoing reasons, the Plaintiff's objection is OVERRULED.

## STANDARD OF REVIEW

The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington* v. *Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes

1

timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and recommendations.") The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

## BACKGROUND

The Plaintiff's Petition asserts two causes of action against Defendant Johnson: the fourth cause of action, which was voluntarily dismissed, and the fifth cause of action, Deliberate indifference to the health and safety of a pretrial detainee. Dkt. No. 402 at 2. In response to Johnson's Motion for Summary Judgment, the Plaintiff argued that this Court should find the Motion Moot because it does not address the fifth cause of action. His response did not include any other arguments or dispute any of the Defendant's statement of material facts. Dkt. No. 335. In the Report and Recommendation, Magistrate Judge Snow concluded that because the Plaintiff failed to dispute any of Defendant Johnson's material facts, then pursuant to Local Civil Rule, 56.1, the Defendant's facts may be deemed admitted. Therefore, evaluating the elements of the Plaintiff's claim and of based on the undisputed facts, a reasonable jury could not find that Defendant Johnson participated in a violation of the Plaintiff's constitutional rights, and he was therefore entitled to summary judgment based on qualified immunity. *See* Dkt. No. 402 at 8.

## ANALYSIS

Plaintiff objects arguing, again, that Defendant Johnson's Motion for summary judgment is moot and he now adds that the Motion did not provide the Plaintiff notice that Defendant Johnson intended to argue qualified immunity. Additionally, Plaintiff also argues that the dispositive motion cannot be ruled on until his pending motion for adverse inference regarding Defendant Johnson's testimony is resolved. *See* Dkt. No. 407. This Court disagrees, and the Plaintiff's objection is OVERRULED.

First, Defendant Johnson's Motion for summary judgment plainly raises a qualified immunity defense. Dkt. No. 324. The Plaintiff admits as much but insists that because the argument is raised "only as a sub argument to his primary proposition" he was somehow deprived of adequate notice. Dkt. No. 403 at 9. This is not a substantive objection and appears to simply take issue with how the Defendant organized his Motion. The Defendant's Motion argues that he is entitled to qualified immunity because there is no underlying constitutional violation attributable to Defendant Johnson. *See* Dkt. No. 324 at 17-18. Defendant Johnson squarely addresses qualified immunity towards the end of his brief once he has laid out his arguments suggesting that Johnson did not violate Harris's constitutional rights. Plaintiff fails to explain why this organizational structure deprived him of adequate notice.

Additionally, Plaintiff's Response to Defendant Cody Johnson's Motion for Summary Judgment [Dkt. No. 335] asserts one argument and that is that the Motion is moot because it does not argue for summary judgment on the fifth cause of action. The Defendant's brief clearly argues for summary judgment on both Plaintiff's claims against him. Dkt. No. 324.  Additionally, instead of properly disputing the Defendant' s statement of facts as required by Local Civil Rule 56.1, the Plaintiff now argues that exhibits in responsive briefing to other defendants' motions for summary judgment "provided the Court with a detailed account of the significant role that Johnson played in coordinating the attack upon Harris", and the Magistrate Judge improperly ignored such evidence. Dkt. No. 403.

Ultimately, this Court agrees with the Magistrate's conclusion that the Plaintiff failed to properly dispute any of the material facts provided by Defendant Johnson. Even now, in his objection, the Plaintiff fails to identify which of Defendant Johnson's facts are in dispute. Therefore, this Court should deem such facts as admitted, and based on the undisputed evidence Defendant Johnson is entitled to qualified immunity. Finally, the Plaintiff's argument that ruling on the Summary Judgment Motions must wait until after the adverse inference sanctions are decided is moot. Magistrate Judge Snow entered an Order Denying the Renewed Motion for "Adverse Inference" Sanction. Dkt. No. 404.

**CONCLUSION**

After a de novo review, the Court determines that the Report and Recommendation [Dkt. No. 402] is well supported by the record and the prevailing legal authority. As the Magistrate Judge advised, Defendant Johnson is entitled to qualified immunity. The objection [Dkt. No. 403] are OVERRULED and the Report and Recommendation [Dkt. No. 402] is hereby affirmed and adopted as this Court's Findings and Order. Defendant Cody Johnson's Motion for Summary Judgment [Dkt. No.324] is hereby GRANTED in part and Denied as MOOT in part.

Dated this 28th day of March, 2025.

Ronald A. White
United States District Judge
Eastern District of Oklahoma