IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROPER HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 22-cv-187-RAW-DES ) |
| McCURTAIN COUNTY JAIL TRUST; BOARD OF COUNTY COMMISIONERS OF McCURTAIN COUNTY, OKLAHOMA; SCOTT McLAIN, individually and in his official capacity as McCurtain County Jail Administrator; KEVIN CLARDY, individually and in his official capacity as McCurtain County Sheriff; and RICHARD WILLIAMSON; ALICIA MANNING; BRANDON STANSBURY; JOE EBERT; and CODY JOHNSON; in their official and individual capacities, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) |

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion for Sanctions under Fed. R. Civ. P. 56(h). (Docket No. 414). Plaintiff's Motion centers around the Declaration of Sheriff Kevin Clardy ("Sheriff Clardy") which Plaintiff argues contains "perjurious" and "blatantly false allegations" that "intentionally and deceptively omits facts concerning issues central to the resolution of this case". *Id.* at 14. Defendants Joe Ebert and Brandon Stansbury filed their Response (Docket No. 415) arguing that their reliance on Sheriff Clardy's Declaration is merely incidental in recounting how Plaintiff ended up in the McCurtain County Jail and is in no way concerns any material fact in these Defendants' Motion for Summary Judgment. *Id.* at 4-6. Furthermore, Defendants Ebert and Stansbury argue that Plaintiff has failed to establish the requirements for bad faith under Rule 56(h) and Tenth Circuit precedent. *Id.* at 2-3. Defendant McCurtain County Jail Trust ("MCJT") filed its Response (Docket No. 415), arguing Plaintiff's Motion

1

mischaracterizes the record, ignores the procedural history of this case, and fails to satisfy the demanding standards for sanctions under Rule 56(h) as interpreted by the Tenth Circuit. *Id.* at 4. On October 21, 2025 a hearing was held where counsel for Plaintiff, counsel for Defendants Ebert and Stansbury and counsel for Defendant MCJT gave oral argument regarding the issue of sanctions. For the reasons set forth below, the Court finds Plaintiff's Motion for Sanctions is DENIED.

Under Fed. R. Civ. P. 56(h), a court may impose sanctions if it finds that an affidavit or declaration submitted in support of or in opposition to a motion for summary judgment was filed in bad faith or solely for the purpose of delay. The Rule authorizes the court, after providing notice and an opportunity to be heard, to order the submitting party to pay the opposing party's reasonable expenses, including attorney's fees, incurred as a result of the filing. It further permits the court to hold the offending party or attorney in contempt or impose other appropriate sanctions. Sanctions are discretionary and reserved for the most egregious abuses of the judicial process.

The Tenth Circuit has held that for a finding of bad faith intent is required, and negligence or mistake cannot supply the necessary showing of bad faith. *See Hefley v. Textron, Inc.*, 713 F. App'x 790, 801 (10th Cir. 2017) (holding that even gross negligence does not meet the intent requirement for severe sanctions). "[A]n affidavit may not be disregarded [solely] because it conflicts with the affiant's prior sworn statements. In assessing a conflict under these circumstances, however, courts will disregard a contrary affidavit when they conclude that it constitutes an attempt to create a sham fact issue." *Law Co. v. Mohawk Const. & Supply Co.*, 577 F.3d 1164, 1169 (10th Cir. 2009), citing *Franks v. Nimmo*, 796 F.2d 1230, 1237 (10th Cir.1986). In *Franks v. Nimmo*, 796 F.2d 1230, 1237–38 (10th Cir. 1986), the court confronted a party's attempt to discredit a declaration on the ground that it conflicted with prior testimony. The Tenth

Circuit explained that "[t]he utility of summary judgment as a procedure for screening out sham fact issues would be severely undermined if a party could create an issue of fact by submitting an affidavit contradicting his own prior testimony." But the court also emphasized that contradictions or inconsistencies in sworn statements, standing alone, do not warrant sanctions for bad faith. Rather, such contradictions go to the weight and credibility of the evidence, not to the propriety of sanctions. The critical inquiry is whether the affidavit was deliberately false and offered for an improper purpose.

      Here, Defendant MCJT argues the Declaration was made to reflect Sheriff Clardy's personal knowledge of any policy, custom, instruction, or employee plan to orchestrate violence against Plaintiff or any other inmate. (Docket No. 415 at 14). While Plaintiff argues that a month prior to making the Declaration at issue, Sheriff Clardy testified that he was told by a secretary that Jail Administrator Scott McLain and Assistant Administrator Jere Carrell had planned and ordered a "hit" on Plaintiff; Sheriff Clardy was only told this information two months after the allegations giving rise to this litigation. *Id.* Defendant MCJT argues that Sheriff Clardy had no firsthand or personal knowledge of any plan to injure Plaintiff which is reflected in his Declaration statements and furthermore had no knowledge of any plan to injure Plaintiff prior to the injury in fact. *Id.* at 15. The Tenth Circuit has made clear that contradictions or inconsistencies in sworn testimony go to credibility, not to sanctionability, unless accompanied by proof of a deliberate falsehood submitted for an improper purpose. *Franks* 796 F.2d at 1237–38. In *Profita v. Puckett*, 2017 WL 1491003, at *28 (D. Colo.), the court emphasized that Rule 56(h) "requires a deliberate or knowing act for an improper purpose." Negligence, ambiguity, or even poor drafting does not rise to that level.

The Court finds Plaintiff has not shown that any Defendants submitted or referenced Sheriff Clardy's Declaration for an improper purpose or even that it was a deliberate falsehood. The wording is ambiguous; however, coupled with the context for which it is referenced (*i.e.* Defendant MCJT's Motion for Summary Judgment), the purpose of the Declaration is to support the factual basis that Sheriff Clardy had no personal knowledge prior to the subject incident. (Docket No. 415 at 16). Sheriff Clardy's supplemental Declaration supports this stance. (Docket No. 415-1). While Plaintiff argues this is not a case of "mere ambiguity" or "inaccuracy" but rather a case of "deliberate falsity on the part of Clardy, MCJT, and their counsel" (Docket No. 418 at 5), Plaintiff fails to sufficiently address the arguments made by Defendants in their Response motions and instead focuses on the fact that the Declaration used the word "am" which is a "present-tense verb". *Id.* at 2. This fact in-and-of itself is not sufficient to show Sheriff Clardy or counsel for Defendants intended to deliberately mislead, nor does it show that the Declaration was made for an improper purpose. Furthermore, Plaintiff has failed to show why this Court should ignore established Tenth Circuit precedent that establishes that disputes over the consistency of testimony goes to credibility of the witness and simply issue sanctions without any sufficient showing of bad faith.

Accordingly, the Court finds that Plaintiff has failed to establish that Sheriff Clardy's Declaration was made in bad faith or for an improper purpose as required under Fed. R. Civ. P. 56(h) and Tenth Circuit precedent. While Plaintiff asserts that the Declaration contains deliberate falsehoods, the Court finds the alleged inconsistencies or ambiguities in the Declaration insufficient to support a finding of intentional misconduct. Rather, the issues raised go to the credibility and weight of the evidence—not sanctionable conduct. Accordingly, Plaintiff's Motion for Sanctions is hereby DENIED.

IT IS SO ORDERED this 21st day of October 2025.

_____
D. Edward Snow
United States Magistrate Judge